Robebt P. Kennedy, J.
The infant plaintiff received injuries when her arm became impaled on a cleat attached to the flag pole in front of defendant’s school on October 22, 1968. This action was brought to recover damages she sustained as the result of this incident as well as damages sustained by the infant’s father.
On the trial of the actions, the jury returned a verdict in favor of the infant plaintiff in the amount of $13,000 and for her father in the amount of $1,102.61.
In their complaint, plaintiffs pleaded compliance with section 50-e of the General Municipal Law. In its answer, defendant *124 denied same. The trial of these actions began October 4, 1971, just short of three years from the happening of the accident. When plaintiffs initially rested, defendant moved to dismiss for, among other things, failure to prove compliance with section 50-e. Plaintiffs were permitted to reopen and offered evidence to show service of the notice of claim on January 22,1969. Plaintiffs again rested their cases and defendant renewed its motion to dismiss. The motion was denied. Defendant rested without offering any proof and renewed its motions at the close of all the evidence. The motions were again denied. Counsel then gave their summations and court recessed for the day.
The following morning before the court charged the jury, defendant again moved to dismiss and, for the first time, specified that his grounds were that the proof showed service of the notice of claim 92 days after the accident. The motion was again denied.
Following the jury verdict, defendant moved to set aside the verdict on all grounds under GPLB 4404 except inadequacy. This motion was denied. The defendant then moved for and was granted permission to reargue his motion to set aside the verdict on the ground that the service of the notice of claim was not timely. Decision on this application was reserved. Plaintiffs then moved to amend a letter sent by them to an insurance adjuster in the employ of defendant’s liability insurance carrier dated October 30, 1968 and/or an accident report prepared and filed by the principal of the school involved, to conform to the statutory requirements of a notice of claim as prescribed in section 50-e or for an order, nunc pro tunc, allowing late service of the notice of claim. The court also reserved decision on this motion. The proof shows, without question, that service of the notice of claim was not made within 90 days from the happening of the accident. The issue raised is, therefore, was this properly raised at trial so as to preserve it and, secondly, whether the failure to serve the notice within 90 days is fatal to plaintiffs’ causes of actions.
Plaintiffs’ application being the easiest to dispose of will be dealt with first. Those applications are denied. If permission were granted to amend the letter sent to the insurance adjuster or the accident report filed by the principal, such action would not aid plaintiffs, as neither the letter nor the accident report was introduced at the trial and was, therefore, not before the jury. There is no way to make either or both of these documents part of the proof upon which the jury based its verdict. None of the cases cited by plaintiffs deal with this point as they all deal with the issue on application prior to trial. In fact, *125 one of the cases cited by plaintiffs is excellent authority for determining all issues involved here against them. Matter of Kaiser v. Town of Salina (20 A D 2d 312 [4th Dept.]) sums up the problems here very precisely. On page 314 the court there said, in part, “We have been very strict in some of the decisions such as [citations omitted], but the errors in those cases were as to the time of service, and we were forced by the very language of the statute to hold that the time provisions contained in section 50-e (supra) are mandatory and beyond the reach of the courts. However, there is in the above-quoted subdivision 6 of the section (supra) the broadest kind of provision giving the courts discretion, in the absence of prejudice, to correct, supply or disregard a good faith mistake, omission, irregularity or defect ‘ not pertaining to the manner or time of service ’. Subdivision 6 makes it plain that the Legislature, to carry out the prime purpose of section 50-e, insists on a precise time limit for claims, and precise compliance with the requirements as to what officers are to be served, but leaves it to the discretion of the courts to correct any other kind of mistake or defect in such a paper.”
“ The requirement is, therefore, twofold — allegation of performance of the condition precedent, and proof of that allegation.” (23 Garmody-Wait 2d, New York Practice, § 144:111, p. 385.)
As stated previously if plaintiffs’ application to amend were granted, there would be no way of satisfying the requirement of proving compliance. Plaintiffs’ application for an order, nunc pro tunc, allowing late service of the notice of claim can be decided without discussing whether or not the court has authority to grant such relief. Subdivision 5 of section 50-e dealing with the court’s authority to allow late filing requires showing by affidavit ‘ ‘ the particular facts which caused the delay”. To this date, no reason has been shown by plaintiffs as to why the notice of claim was not served within the statutory time limit. If the application was made within the time set forth in subdivision 5 of section 50-e on the present record the court would have to deny it for failure to comply with such requirements.
Another point argued by plaintiffs was that defendant’s failure to move, prior to trial, against plaintiffs’ causes of actions because of the alleged late filing of the notice of claim precludes defendant from raising the issue now. Such is not the law. (Miller v. County of Putnam, 25 N Y 2d 664.)
Mr. Justice Jackson said in United States v. Bryan (339 U. S. 323, 346): “ Of course, it is embarrassing to confess a blunder; *126 it may prove more embarrassing to adhere to it.” While the court doesn’t feel particularly embarrassed, it doesn’t wish to adhere to what is obviously an error inasmuch as it based its ruling for judgment on one interpretation of the law and then took the position that that interpretation was incorrect. Frankly, at the moment, the court isn’t entirely satisfied as to which of its positions was the correct one. The conflict arises from reading section 3813 of the Education Law and section 50-e of the General Municipal Law.
Section 3813 (subd. 1) provides for proof that “ a written verified claim ” upon which the action is founded was presented “ within three months after the accrual of such claim ”.
Section 50-e, of course, provides for the service of the notice of claim within 90 days.
The difference here is vital. If section 50-e controls, service was not timely. If subdivision 1 of section 3813 is applicable, service was timely (General Construction Law, § 30; Biggs v. City of Geneva, 100 App. Div. 25, affd. 184 N. Y. 580).
Certainly subdivision 2 of section 3813 seems unambiguous and clear when it says that “ Notwithstanding anything to the contrary hereinbefore contained in this section ”, no action, etc. founded upon tort shall be prosecuted or maintained <£ unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law.” What did the Court of Appeals have in mind, then, when, in Natoli v. Board of Educ. (303 N. Y. 646) it said, “ On May 2, 1949, a summons was served personally upon the president of said board, but no formal written notice, as required by section 3813 of the Education Law, was served.” (p. 647, emphasis added) % The court in that case referred to section 50-e only as it relates to applications for permission for late service. The court there also quoted 3813 (subd. 1) verbatim, including the three-month limitation on service.
Research discloses that section 3813 was for our purpose exactly the same in 1951, the date of the Natoli case, including the language, ££ Notwithstanding anything to the contrary” at the beginning of subdivision 2 of section 3813 as it is now. Language in other cases concerning service of notices of claim refers to such service in accordance with section 3813 and section 50-e, in the same breath (Bayer v. Board of Educ., 29 A D 2d 537; State of N. Y. v. Waverly Cent. School Dist., 28 A D 2d 628). All of the cited cases involved tort actions. Of interest also is the language in Widger v. Central School Dist. (18 N Y 2d 646) which reversed an order dismissing a cause of action against the school district. The second amended complaint with *127 which the court was there dealing contained allegations that plaintiff had served the notice of claim within three months after accrual of the claim.
These courts seemed to apply the time limit for service of notice of claim set out in 3813 (subd. 1), and applied the provisions of section 50-e that deal with applications for additional time within which to serve the notice, specifically subdivisions 5 and 6. Reference to subdivision 1 of section 3813 in these cases is absolutely meaningless if not applied to the three-month period as section 50-i of the General Municipal Law which is made applicable by subdivision 2 of section 3813 regulates the period during which adjustment is to be made prior to bringing the action.
In view of the foregoing, this court was inclined to hold that service of the notice of claim in this case was timely until the November 10th Advance Sheets containing Miller v. Board of Educ. (37 A D 2d 798) arrived. In that case, the Fourth Department made no reference to 3813 but held the 90-day period for filing a claim under 50-e applicable. This court, therefore, has no option but must follow that ruling and hold that since service here was not made within 90 days, service was not timely.
We often hear of a matter which “ cries for relief ”. If there ever was such, the present case is it. Section 50-e was a recommendation of the Judicial Council (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265): “ The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still ‘ fresh ’. On the other hand, ‘ these provisions [notice statutes] were not intended as a trap for the unwary and the ignorant. ’ ’ ’
The purpose for which the statute was enacted was accomplished in this case without the necessity of filing any notice. The principal of defendant’s school at which the accident occurred knew of the accident within minutes of its happening; he inspected the infant plaintiff’s injury, had his secretary call the infant’s mother, personally took the child to the hospital, stayed at the hospital until the mother arrived, made a report of the accident to his superiors the following day and talked to at least one boy who had witnessed the accident the following day. The foregoing notwithstanding, this court is powerless to overlook and ignore the fact that service of the notice was two days late: “ Desirable though relaxation of statutory provisions relating to service may appear, to avoid a seemingly harsh *128 result, the courts may not disregard clear and explicit requirements imposed by the legislature. ’ ’ (Munroe v. Booth, 305 N. Y. 426, 428.)
The question as to whether or not defendant properly raised the issue of the timeliness of service need not be dealt with at length. CPLR 4401 requires that grounds for a motion for judgment as a matter of law after the close of the evidence be specified. Counsel very frankly stated that it wasn’t until the overnight recess between counsels’ summations and the court’s charge that he counted the days and discovered the 92-day service. “ Notwithstanding the general rule that the defect relied on should be pointed out in order that it may be cured if possible, there is authority that the rule is subject to the limitation that where no grounds are specified it is nevertheless sufficient if it is apparent that the objection could not have been obviated if specified.” (8 Carmody-Wait 2d, New York Practice, § 59:16, p. 384.) Such is the situation here. Additionally, the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, Pt. 6, CPLR, p. 242) to CPLR 4404, the statute under which defendant moves here, states that the court is authorized to set aside the verdict ‘ ‘ whether or not there was any motion for a directed verdict prior to the submission of the case to the jury.”
Therefore, that portion of defendant’s motion, asking that the verdict be set aside is granted. Even though plaintiffs have not moved for a new trial, under CPLR 4404 the court on its own initiative may order a new trial in the interest of justice. The court doesn’t know if plaintiffs can prove facts to show that defendant is estopped from asserting the section 50-e defense (Miller v. Board of Educ., supra), but if they can, they should be given the opportunity to do so.
The verdict is set aside and a new trial is ordered.