BONITA CAMARELLA, an Infant by Her Parent and Natural GUARDIAN, LOUIS CAMARELLA, et al., Appellants-Respondents, v. EAST IRONDEQUOIT CENTRAL SCHOOL BOARD, Respondent-Appellant.

Fourth Department, February 23, 1973.

*Laverne, Sortino & Noto* (*Thomas Laverne* of counsel), for appellants-respondents.

*Traynor, Skehan & Marks* (*Homer H. Marks* of counsel), for respondent-appellant.

CARDAMONE, J.    The 11-year-old plaintiff was injured on the defendant's school grounds on October 22, 1968.    Her father consulted and retained a lawyer within eight days after the accident.    A notice of claim was filed on January 22, 1969, two days beyond the 90-day period required in section 50-e of the General Municipal Law.    Thereafter appropriate pleadings were served and the case was tried before a jury which rendered a verdict in the amount of $13,000 in favor of the infant plaintiff and $1,102.61 in favor of the plaintiff father for medical expenses.

Following the jury verdict, the defendant moved to set it aside on the ground that the notice of claim was untimely served, being two days late.    The plaintiffs moved to amend certain letters, sent by their attorney, to have them serve as the notice of claim required by section 50-e and to be permitted to file a notice of claim *nunc pro tunc*.    The trial court denied plaintiffs' motions, set the plaintiffs' verdicts aside and directed a new trial (68 Misc 2d 125), from which determination the plaintiffs have appealed.    Defendant has cross-appealed the granting of a new trial.

We have concluded that the trial court correctly denied plaintiffs' motions and was properly compelled to set aside the plaintiffs' verdicts but erred in ordering a new trial.

Plaintiffs' attorneys have urged on this appeal their reliance upon and the applicability of the " three months " time limitation contained in subdivision 1 of section 3813 of the Education

Law within which written claims must be presented against the governing body of any school district. Such reliance is misplaced (*Pugh* v. *Board of Educ. Cent. Dist. No. 1 — Fayetteville-Manlius School Dist.*, 38 A D 2d 619, affd. 30 N Y 2d 968). Further, the same section of the Education Law specifically states that "notwithstanding anything to the contrary hereinbefore contained in this section, no action * * * founded upon tort shall be prosecuted or maintained against any of the parties named in this section * * * unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law" (Education Law, § 3813, subd. 2).[1] The timeliness of the service of the notice of claim was a condition precedent for plaintiffs to plead and prove (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203; *Debes* v. *Monroe County Water Auth.* 16 A D 2d 381) and not an affirmative defense to be pleaded and proved by the defendant (CPLR 3018, subd. [b]). This matter was properly put in issue by defendant's denial contained in its answer of "knowledge or information sufficient to form a belief" as to the allegation of timely service of the claim stated in plaintiffs' complaint (CPLR 3018, subd. [a]). Relief from late filing may be obtained upon motion made within "one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim" (General Municipal Law, § 50-e, subd. 5). The motion made by plaintiffs after the trial was not made within one year, nor was it made prior to the commencement of the action and it was, therefore, untimely on both counts. Further, the retention of a late notice of claim by the defendant school board standing alone may not be construed as a waiver of timely service (*Miller* v. *County of Putnam*, 32 A D 2d 827, affd. 25 N Y 2d 664).

The verdict found sufficient support in the record to establish defendant's negligence and the infant plaintiff's freedom from contributory negligence. It should be noted that the trial court made no finding that the jury's verdict with respect to negligence and contributory negligence was against the weight of the evidence. The jury could well have found that the flagpole cleat was dangerous and that its use was negligence and a direct cause of the accident (*Orlick* v. *Granit Hotel & Country Club*, 30 N Y

---

1. The "Historical Note" in McKinney's (Cons. Laws of N. Y., Book 33, General Municipal Law, § 50-e) subtitled "Inconsistent laws", quotes from section 13 of chapter 694 of the Laws of 1945, stating that section 50-e of the General Municipal Law is to supersede all inconsistent provisions of any general, special or local law.

2d 246, 249-250). The verdict would be permitted to stand but for the untimeliness of the filing of the notice of claim.

The remaining issue is the ordering of a new trial. Such would be appropriate if there were to be found in the record any factual basis to support a claim of estoppel (*Matter of Daley* v. *Greece Cent. School Dist. No. 1,* 21 A D 2d 976, affd. 17 N Y 2d 530). There is none. Further, plaintiffs' attorney stated on oral argument that there was no argument he could raise to estop defendant from asserting the defense of a late filing of the notice of claim in this case. Under these circumstances, ordering a new trial on this issue was an improvident exercise of the trial court's discretion, and the complaint should be dismissed.

DEL VECCHIO, J. P., MARSH, MOULE and HENRY, JJ., concur.

Order unanimously modified on the law and complaint dismissed, and as so modified affirmed, without costs.