■ ALICE M. ROWE, Individually, and as Administratrix of the Estate of JESSE R. ROWE, Deceased, Respondent, v HOLLY A. PATTERSON HOME et al., Appellants.—In an action commenced by the plaintiff wife, individually and as administratrix of her husband's estate, to recover damages, *inter*

*alia,* for conscious pain and suffering, wrongful death and loss of consortium, defendants appeal from so much of an order of the Supreme Court, Nassau County, dated January 23, 1978, as denied the branches of their motion which sought to dismiss the first and third causes of action. Order reversed insofar as appealed from, on the law, without costs or disbursements, and the branches of the motion which sought to dismiss the first and third causes of action are granted. This court has repeatedly held that, under the statute, damages for loss of consortium is not a "pecuniary injury" recoverable in a wrongful death action (see *Liff v Schildkrout,* 67 AD2d 999; EPTL 5-4.3). If the law in this regard is to be changed, it is a matter for the Legislature. Furthermore, plaintiff's failure to serve a notice of claim in compliance with the statutory requirements bars the action for personal injuries (see General Municipal Law, § 50-e). Plaintiff failed to make an application to the court for an extension of time within which to serve the notice of claim (see General Municipal Law, § 50-e, subd 5). Moreover, the retention of the untimely notice of claim, standing alone, may not be construed as a waiver of timely service (see *Camerella v East Irondequoit Cent. School Bd.,* 41 AD2d 29, affd 34 NY2d 139). Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.