■ MICHAEL SOLOFF et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal (1) from an order of the Supreme Court, Richmond County (Rubin, J.), dated September 23, 1981, which granted defendant's motion for reargument of a prior order of the same court which had granted plaintiffs' motion for leave to have a previously filed notice of claim deemed timely, and, upon reargument, denied such leave and (2) as limited by their brief, from so much of an order of the same court dated February 23, 1982 as, upon granting further reargument of their motion for leave to have the notice of claim previously filed by them deemed timely, adhered to its prior determination denying such leave. Appeal from order dated September 23, 1981 dismissed, as academic, without costs or disbursements. That order was superseded by the order dated February 23, 1982, made upon further reargument. Order dated February 23, 1982 affirmed, insofar as appealed from, without costs or disbursements. On October 17, 1974 the infant plaintiff was allegedly injured by another student in the school yard of P.S. 22 in Staten Island. On January 16, 1975, a notice of claim was served upon the defendant board of education. Because January 16, 1975 was concededly the 91st day after the causes of action arose, service of the notice of claim was untimely (see General Municipal Law, § 50-e, subd 1, par [a]). On July 24, 1975, plaintiffs attended a Comptroller's hearing and the infant plaintiff was also examined by a doctor acting on behalf of the board of education. On December 11, 1975, plaintiffs commenced this negligence action by service of a summons and complaint upon the board. The answer of the board, served in May, 1976, asserted as an affirmative defense that the plaintiffs had failed to serve or file a timely notice of claim. By that time, the one-year period within which leave might have been granted to file a late notice of claim under former subdivision 5 of section 50-e of the General Municipal Law had expired. Plaintiffs' attorney had been suffering from a long-term illness and as a result he died on May 14, 1980. In July, 1980 the law firm of Eppinger, Reingold and Fremont succeeded to his practice and on November 1, 1980, over six years after the causes of action arose, it moved on plaintiffs' behalf to have the notice of claim deemed timely. Special Term granted the motion as to the infant plaintiff, and denied it as to the adult plaintiff, reasoning that "[a]n infant is not to be held to the same level of responsibility as would an adult in procuring service of his Notice of Claim against a Municipality for injuries" and that the period specified in former subdivision 5 of section 50-e was tolled by infancy pursuant to CPLR 208. Defendant moved for leave to reargue. By order dated September 23, 1981, Special Term granted reargument and thereupon denied plaintiffs' motion in all respects. Plaintiffs then moved for reargument. By order dated February 23, 1982, Special Term again granted reargument but adhered to its prior determination denying leave to serve a late notice of claim with respect to either plaintiff. We affirm. Plaintiffs have failed to establish adequate grounds on which to invoke the doctrine of equitable estoppel. The Court of Appeals in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, 668), upon which plaintiffs principally rely, enunciated the principles of this doctrine and held that "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could

have raised." There, a special situation obtained in that the City of New York was timely served with the notice of claim but plaintiffs failed to serve the newly created Health and Hospitals Corporation. Hearings and depositions were held without the Corporation Counsel informing claimants or counsel that the notice had been filed with the wrong agency. No such unusual or exceptional factual situation exists at bar (see *Marku v City of New York,* 86 AD2d 601; see, also, *Public Improvements v Board of Educ.,* 81 AD2d 537; *Adkins v City of New York,* 51 AD2d 944; cf. *Cassidy v County of Nassau,* 84 AD2d 742). It has long been held that retention of a late notice of claim does not constitute waiver of the defense of untimeliness. The burden is on the claimant to determine whether his notice of claim is late and, if it is, to take appropriate remedial action. A municipality is under no duty to notify a claimant of such fact (see *Miller v County of Putnam,* 32 AD2d 827, affd 25 NY2d 664; *Purdy v City of New York,* 193 NY 521). That principle of law has not been eroded, as plaintiffs here suggest, by the holding in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662, *supra*) (see *Rowe v Patterson Home,* 72 AD2d 578). Since plaintiffs' claim arose more than one year prior to September 1, 1976, the date when the amendments introducing greater flexibility to section 50-e went into effect (L 1976, ch 745, § 2; see *Matter of Beary v City of Rye,* 44 NY2d 398), their application for leave to have their previously filed notice of claim deemed timely was governed by the prior wording of the section. Under the former wording, an application for leave to file a late notice of claim must have been made within one year after the happening of the event upon which it was based and prior to the commencement of an action to enforce the claim (General Municipal Law, § 50-e, former subd 5). The courts construed the prior wording of subdivision 5 of the section as imposing an unbending time bar which was not tolled by infancy (see *Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach,* 301 NY 233; *Winter v City of Niagara Falls,* 190 NY 198). O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.