■ MAFALDA TACINELLI, Respondent, v LIBERTY LINES, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered June 24, 1985, as (1) granted the plaintiff's motion to strike defendant's affirmative defense that the plaintiff had failed to serve a notice of claim in compliance with General

Municipal Law § 50-e, and for a special preference, and (2) denied the defendant's cross motion to dismiss the action for failure to properly serve a notice of claim.

Ordered that the order is modified by deleting therefrom the provision granting that branch of the plaintiff's motion which was for a special preference and substituting therefor a provision denying that branch of the motion without prejudice to renew upon proper papers and subject to the discretion of the Individual Assignment System Justice. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was allegedly injured while riding on a bus which was operated by the defendant Liberty Lines under a contract with the County of Westchester (hereinafter county) which owned the bus. Within 90 days of the alleged accident, the plaintiff sent a notice of claim stating that she had a claim against Liberty Lines and the county. The notice of claim was sent by registered mail return receipt to Liberty Lines, attention claims.

The plaintiff's claim was handled primarily by Liberty Lines' general counsel, one Vincent P. Nesci. There is no dispute that Nesci was an attorney who was also regularly engaged in representing the county in suits against the county arising out of accidents occurring on buses operated by Liberty Lines, and thus was a proper person to be served on the county's behalf pursuant to General Municipal Law § 50-e (3). Nesci also does not dispute that he received the notice of claim within the statutory 90-day period, and that the notice of claim was not returned to the plaintiff.

After negotiations between Nesci and the plaintiff's attorney concerning the plaintiff's claim broke off, the plaintiff served a summons and complaint on the defendant Liberty Lines. In its answer Liberty Lines asserted the affirmative defense, among others, that the plaintiff failed to comply with the General Municipal Law. The plaintiff moved to strike this affirmative defense and for a special calendar preference pursuant to CPLR 3403 (a) (4) based on the fact that the plaintiff was over 70 years of age. The defendant then cross-moved to dismiss the action because the plaintiff had failed to serve the notice of claim pursuant to General Municipal Law § 50-e. Special Term held that service of the notice of claim was proper pursuant to General Municipal Law § 50-e (3) (c), and granted the plaintiff's application for a special preference.

General Municipal Law § 50-e (3) (c) provides in pertinent

part: "If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid if the public corporation against which the claim is made demands that the claimant or any other person interested in the claim be examined in regard to it, or if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received". General Municipal Law § 50-e (3) (a) and (b) spell out the manner in which service of the notice of claim is to be made. While the instant notice of claim was not served in the manner set out in General Municipal Law § 50-e (3), it is clear from Nesci's concessions that the notice of claim was actually received by the proper person within the time specified by statute, and the county did not return the notice to the plaintiff within 30 days of receipt. Thus, the service of the instant notice of claim was valid.

While it is clear that the plaintiff is entitled to a special preference pursuant to CPLR 3403 (a) (4) *(see also,* 22 NYCRR former 674.5) it is equally clear from the present record that no note of issue was served with, or before the notice of motion seeking the preference. CPLR 3403 (b) requires that the notice of motion for the preference shall be served with or after the note of issue, and 22 NYCRR former 674.5 provided that when a preference was sought on the basis of age, the proof of the party's age be annexed to, and served with, the note of issue, and that the preference be granted automatically unless a motion seeking denial of the preference was made within 10 days after the service of the note of issue. Since, on the present record, no note of issue was served with the motion seeking the preference, Special Term improperly granted the preference. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.