■ KATHERINE ZYDYK et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated December 30, 1988, which denied its motion to dismiss the complaint for failure to comply with the notice provisions of Public Authorities Law § 1212.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The no-fault claim form served upon the defendant New York City Transit Authority was insufficient to satisfy the notice of claim requirements of Public Authorities Law § 1212 (2) and General Municipal Law § 50-e. Although a notice of claim need not be denominated as such in order to meet the requirements of those provisions, it must advise the public authority of the claimant's intent to commence a tort action

against it *(see, Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139). In this way, the purpose behind the service requirement, i.e., to afford the public authority or municipality " 'an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available' " *(Caselli v City of New York,* 105 AD2d 251, 252, quoting from *Teresta v City of New York,* 304 NY 440, 443), may be achieved. In contrast, when one serves a no-fault claim form his or her purpose is to obtain expeditious compensation for injuries sustained through the prompt payment of benefits without regard to fault and without expense to the claimant *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219). Thus, the regulations pertaining to no-fault coverage are written in such a way as to discourage investigation by the insurer *(see, Dermatossian v New York City Tr. Auth., supra).* To hold that the serving of a no-fault claim form is sufficient to meet the notice requirements of General Municipal Law § 50-e and Public Authorities Law § 1212 (2) would clearly defeat the purpose of those provisions, as well as the purpose behind the no-fault law.

Moreover, the plaintiffs have failed to establish that the invocation of the doctrine of equitable estoppel is appropriate under the circumstances present *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Albano v Long Is. R. R. Co.,* 122 AD2d 923). Finally, we note that the court does not have the authority to grant the plaintiffs leave to serve a late notice of claim, as their request for such relief was not made within the Statute of Limitations for commencement of the action *(see,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.