■ CORALIA LOSADA, Respondent, v LIBERTY LINES TRANSIT, INC., Appellant.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on or about March 14, 1989, which denied defendant's motion to dismiss plaintiff's complaint and granted plaintiff's cross motion to the extent of granting leave to serve a late notice of claim and amended complaint, is unanimously affirmed, without costs.

Defendant was operating a bus owned by the County of Westchester and therefore a notice of claim was required. (Montalto v Westchester St. Transp. Co., 102 AD2d 816, 818 [2d Dept 1984], citing Coleman v Westchester St. Transp. Co., 57 NY2d 734 [1982].) The letters from plaintiff's counsel to Liberty Lines dated December 1, 1986 and December 15, 1986, as well as the no-fault application signed by claimant, coupled with the fact that the claim was handled by Liberty Lines' general counsel, Vincent P. Nesci, who is regularly engaged in representing the county in actions arising out of accidents occurring on buses operated by Liberty Lines, constituted in the aggregate a sufficient notice of claim within the meaning of General Municipal Law § 50-e. (See, Tacinelli v Liberty Lines, 123 AD2d 756 [2d Dept 1986].) Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.