■ Maximo B. Taverna, Appellant, v City of New York et

al., Respondents.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered July 5, 1988, which granted the motion of the defendant City of New York to dismiss the complaint and denied plaintiff's cross motion for leave to file a late notice of claim, is unanimously affirmed, without costs.

On April 10, 1985, plaintiff was shot by a New York City police officer. The plaintiff was subsequently convicted for possession of a weapon. As a result of the shooting plaintiff sustained serious injuries to the chest and abdomen and was hospitalized at Columbia Presbyterian Hospital until June 12, 1985, when he was transferred to Bellevue Hospital. Subsequent to his discharge on September 10, 1985, plaintiff received continual out-patient care until December 29, 1985, when he was readmitted to Bellevue for a two-week period and was thereafter readmitted on October 11, 1986 for a one-week period. Plaintiff appeared in court in March of 1987 to answer the complaint issued against him for possession of a weapon, a crime for which he was subsequently convicted. While in prison, plaintiff, acting *pro se,* filed a notice of claim. In May of 1987 he received an acknowledgment of claim from the City Comptroller. Plaintiff then initiated the instant action on September 13, 1988. The city answered on September 23, 1988, asserting the affirmative defense of failure to commence the instant action within the time specified in section 50-i of the General Municipal Law.

Plaintiff concedes that he did not file a notice of claim within 90 days after the shooting nor did he move for leave to file a late notice of claim within one year and 90 days after the shooting. It is well settled that courts lack jurisdiction to grant leave to file a late notice of claim made after the expiration of the one-year-and-90-day limit specified in General Municipal Law § 50-i where the statute has not been tolled. *(Pierson v City of New York,* 56 NY2d 950, 954.) General Municipal Law § 50-e (5) provides for a tolling of the Statute of Limitations based on a physical incapacity which in the instant case is belied by the record. Plaintiff's inability to speak English is insufficient to excuse his failure to serve a timely notice. *(Torres v City of New York,* 50 AD2d 826.)

In addition, we reject appellant's arguments founded on the theory of waiver. The mere retention of the late notice of claim does not constitute a waiver of the defense of untimeliness and, in any event, the city is under no duty to plaintiff to notify him of that fact *(Soloff v Board of Educ.,* 90 AD2d 829, 830). We note, however, that the acknowledgment of claim form specifically informed plaintiff that the action had to be

commenced within one year and 90 days of the occurrence. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.