■ Mamie Frazier et al., Appellants, v Liberty Lines Transit, Inc., et al., Respondents.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered on or about December 13, 1989, which granted defendants' motion to dismiss plaintiffs' complaint, and denied plaintiffs' cross-motion to file a notice of claim *nunc pro tunc,* unanimously affirmed, without costs.

As the bus in which plaintiff was a passenger was operated pursuant to a contract with the County of Westchester, plaintiff was required to file a notice of claim within one year and ninety days of the occurrence. *(Cf., Coleman v Westchester St. Transp. Co.,* 57 NY2d 734.) Plaintiffs waited over two years before commencing this tort action to recover damages for personal injuries allegedly sustained on March 23, 1987, and did not seek leave to file a late notice of claim against the County of Westchester until the submission of a cross-motion on November 2, 1989.

It is well settled that the Court lacks jurisdiction to grant leave to file a late notice of claim after the expiration of the one year and 90-day limit specified in General Municipal Law § 50-i where the statute has not been tolled. *(Taverna v City of New York,* 166 AD2d 314.) Nor should defendants be equitably estopped from raising the failure to file a notice of claim. Defendant's correspondence pertaining to a no-fault application, without reference to the municipality's interest in the matter, does not warrant the invocation of the doctrine of equitable estoppel. Defendant bore no duty to inform the claimant of the necessity for the filing of a notice of claim. It was for plaintiffs to ascertain whether a timely notice of claim had been filed, and to take the appropriate remedial measures, within the prescribed time limits. *(See, Taverna v City of New York, supra; Soloff v Board of Educ.,* 90 AD2d 829.)

Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.