■ DOROTHY G. SINGER et al., Appellants, v LIBERTY LINES et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Facelle, J.), entered March 19, 1990, which granted the motion of the defendant Liberty Lines to dismiss the action, and denied the plaintiffs' cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Dorothy Singer allegedly sustained injuries when the automobile which she was driving collided with a bus owned by Westchester County and operated by the defendant Liberty Lines as part of the County's public transit system. The plaintiffs subsequently commenced suit against Liberty Lines and the driver of the bus, but did not serve a notice of claim upon the County of Westchester. The Supreme Court granted the motion of Liberty Lines to dismiss the action on the ground that the plaintiffs had failed to serve a notice of claim upon the County. We affirm.

Local Laws, 1969, No. 8 of the County of Westchester, and Local Laws, 1970, No. 11 of the County of Westchester, which created the County's transit system, imposed upon the County a statutory duty to operate the system (see, e.g., Coleman v Westchester St. Transp. Co., 57 NY2d 734). The imposition of such a duty created an obligation on the County's part to indemnify the defendant Liberty Lines for any damages recovered against it (General Municipal Law § 50-b [1]), and, therefore, a notice of claim was required (see, General Municipal Law § 50-e [1] [b]; Losado v Liberty Lines Tr., 155 AD2d 337; Tacinelli v Liberty Lines, 123 AD2d 756; Montalto v Westchester St. Transp. Co., 102 AD2d 816, 818). Since the plaintiffs

failed to timely serve a notice of claim, the Supreme Court properly granted the motion to dismiss the action *(see, Pierson v City of New York,* 56 NY2d 950, 954-956).

There is no basis in the record for the application of an estoppel against asserting the failure to serve a notice of claim as a bar to the instant action *(see, Matter of Quintero v Town of Babylon Indus. Dev. Agency,* 172 AD2d 527; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492, 493; *Nicholas v City of New York,* 130 AD2d 470, 471; *Matter of Gross v New York City Health & Hosps. Corp.,* 122 AD2d 793, 794; *see also, Fleming v Long Is. R. R.,* 59 NY2d 895; *Rodriguez v City of New York,* 169 AD2d 532; *cf., Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94, n 1). Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.