■ IRENE JESHURIN, Respondent-Appellant, v LIBERTY LINES TRANSIT, INC., Appellant-Respondent, et al., Defendant. [594 NYS2d 321] —In an action to recover damages for personal injuries, Liberty Lines Transit, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gagliardi, J.H.O.), entered January 2, 1991, as denied its motion to dismiss the complaint for failure to file a notice of claim pursuant to General Municipal Law § 50-e, and

the plaintiff cross-appeals from so much of the same order as denied her cross motion for leave to file a late notice of claim nunc pro tunc, upon the County of Westchester.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court, that under the circumstances presented, the defendant Liberty Lines Transit, Inc. (hereinafter Liberty Lines) waived its right to assert the plaintiff's noncompliance with General Municipal Law § 50-e (see, General Municipal Law § 50-e [1] [b]; Coleman v Westchester St. Transp. Co., 57 NY2d 734; Singer v Liberty Lines, 183 AD2d 820; Frazier v Liberty Lines Tr., 170 AD2d 304; Losada v Liberty Lines Tr., 155 AD2d 337).

In its answer, Liberty Lines interposed as an "affirmative defense", the allegation that the plaintiff's complaint "fails to state a cause of action". The answer made no reference, however, to any requirement that the filing of a notice of claim was required pursuant to General Municipal Law § 50-e. Upon the receipt of Liberty Lines' answer, but prior to the expiration of the one-year and 90-day limitations period (General Municipal Law § 50-i), the plaintiff moved to strike that purported affirmative defense from Liberty Lines' answer. In response, Liberty Lines chose not to oppose the plaintiff's motion and permitted its assertion that the complaint failed to state a cause of action to be unconditionally stricken from its answer. As soon as the applicable limitations period had expired, however, Liberty Lines moved to dismiss the complaint on the ground that the plaintiff failed to file a notice of claim pursuant to General Municipal Law § 50-e.

The Supreme Court denied Liberty Lines' motion to dismiss, finding, inter alia, that by consenting to the dismissal of its assertion that the complaint "fails to state a cause of action", Liberty Lines had affirmatively waived its right to later assert the plaintiff's failure to serve a notice of claim. We agree.

A review of the complaint suggests that the only legally viable response to the plaintiff's motion to strike would have required Liberty Lines to argue, and thus to disclose, that the complaint failed to state a cause of action because it did not plead compliance with the notice of claim requirement. Liberty Lines, however, chose simply to withdraw its defense without comment—conduct which, under the circumstances presented, supports an inference that Liberty Lines deliberately withdrew its defense to ensure that the plaintiff would not be alerted to the notice of claim requirement until the

one-year and 90-day period had elapsed. Further, it is settled that the failure to plead compliance with a notice of claim requirement constitutes a defect warranting dismissal of a complaint on the ground that it "fails to state a cause of action" *(see, e.g., Boyle v Kelley,* 42 NY2d 88, 91; *Reaves v City of New York,* 177 AD2d 437; *Caruso v City of Buffalo Urban Renewal Agency,* 159 AD2d 996; *Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 106; *see also, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 62). Accordingly, under the circumstances presented, we find that by withdrawing its allegation that the complaint "fails to state a cause of action", Liberty Lines also withdrew any claim that the complaint was defective by virtue of its failure to allege compliance with the notice of claim requirement. Liberty Lines cannot unconditionally withdraw an assertion in its answer which would encompass an omission relating to the notice of claim requirement, and then avoid the consequences of its conduct by later asserting the very same type of defect as soon as the applicable limitations period has expired *(cf., Salesian Socy. v Village of Ellenville,* 41 NY2d 521; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662).

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.