■ JOSEPH J. ARACHY et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. [601 NYS2d 349] —In a claim to recover damages, *inter alia,* for personal injuries, (1) the claimants appeal from so much of an order of the Court of Claims (McCabe, Jr., J.), dated February 19, 1991, as granted the motion of the State of New York to dismiss the claim, and the State of New York cross-appeals from so much of the same order as stated that the determination was without prejudice to a motion for leave to file a late claim, and (2) the State of New York appeals from an order of the same court dated April 30, 1991, which granted the claimants' motion for leave to file a late claim against the State.

Ordered that the order dated February 19, 1991, is reversed

insofar as appealed from, on the law, and the motion of the State of New York is denied; and it is further,

Ordered that the cross appeal from the order dated February 19, 1991, is dismissed as academic; and it is further,

Ordered that the appeal from the order dated April 30, 1991, is dismissed as academic; and it is further,

Ordered that the claimants are awarded one bill of costs.

In October of 1987, the claimants served a timely notice of intention to file a claim upon the State of New York by ordinary mail instead of certified mail, as required by the Court of Claims Act (see, Court of Claims Act § 11). Approximately one year later, in September of 1988, the claimants served their claim upon the State, also by ordinary mail, after which the State filed an answer containing the allegations that "[i]mproper service was made upon the defendant" and also that the court lacked jurisdiction over the defendant.

After the claimants' attorney received the State's answer, he telephoned the Attorney-General's office in order to ascertain the grounds for the affirmative defenses of improper service and lack of jurisdiction. It is undisputed that in responding to this telephone inquiry, the Assistant Attorney-General handling the matter mentioned the improper service by ordinary mail and made a representation to the claimants' counsel that if the claim was re-served by certified mail, the State would withdraw its jurisdictional defense. Accordingly, and in conformity with the Assistant Attorney-General's representation, the claimants re-served their claim by certified mail.

Thereafter, although several months elapsed, the affirmative defenses were still not withdrawn. The claimants' counsel thereupon directed his paralegal to make further inquiries concerning the defenses, and upon making the inquires, the paralegal was again assured by the Assistant Attorney-General in question that he would withdraw the affirmative defenses, but that there was no need to withdraw them in writing. Nevertheless, in 1990, shortly after the Statute of Limitations on the claimants' claim had expired, the State moved to dismiss the claim on the ground that the claimants had improperly served their notice of intention by regular mail. The Court of Claims granted the State's motion to dismiss based upon the claimant's use of ordinary mail in serving their notice of intention to file a claim. We reverse.

We find that the court erred in granting the State's motion to dismiss. It is undisputed that the Assistant Attorney-Gen-

eral handling the matter expressly assured the claimants that the State would not assert the lack of jurisdiction defense and also that the defenses would not have to be formally withdrawn in writing. Further, there is no question that the claimants relied upon the Assistant Attorney-General's instruction with respect to the correction of the defect and refrained from acting within the limitations period because of his representations. After twice assuring the claimants that no corrective action would be necessary and that no jurisdictional defenses would be asserted, the State should not be permitted to later assert the "very same type of defect as soon as the applicable limitations period has expired" *(Jeshurin v Liberty Lines Tr.,* 191 AD2d 412, 413; *cf., Salesian Socy. v Village of Ellenville,* 41 NY2d 521; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Allen v Board of Educ.,* 168 AD2d 403, 404).

In light of the foregoing, we need not reach the parties' remaining contentions. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.