■ BERNICE MILLER, Respondent, v LIBERTY LINES, Appellant. [617 NYS2d 471] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 16, 1993, which denied defendant's motion to dismiss the complaint for failure to file a notice of claim, unanimously affirmed, without costs.

We agree with the IAS Court that the no-fault claim form completed by plaintiff and sent to defendant bus company, together with correspondence from the attorney directed to defendant's claim department, "constituted in the aggregate a sufficient notice of claim [to the County] within the meaning of General Municipal Law § 50-e" *(Losada v Liberty Lines Tr.,* 155 AD2d 337; *Tacinelli v Liberty Lines,* 123 AD2d 756). All the information required—identities and addresses of claimant and attorney, nature of claim and injuries, time, place and manner of incident (General Municipal Law § 50-e [2])—was included in the no-fault form and correspondence. While defendant claims that its general counsel did not "handle" the claim from its "inception", no claim is made that such attorney, who has the same address as defendant, is not any longer "regularly engaged in representing the county in actions arising out of accidents occurring on buses operated by [defendant bus company]" *(Losada v Liberty Lines Tr., supra;* General Municipal Law § 50-e [3] [a]), or did not receive the papers within the required 90-day period, or ever returned such papers to plaintiff for defective service (General Municipal Law § 50-e [3] [c]). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.