■ ELIZABETH GALLAGHER, Appellant, v LIBERTY LINES TRANSIT, INC., et al., Respondents. [621 NYS2d 55] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 19, 1993, which granted defendants' motion to dismiss the complaint for failure to file a notice of claim pursuant to General Municipal Law § 50-e (1) and denied plaintiff's cross motion for leave to file a late notice of claim, unanimously reversed, on the law and the facts and in the exercise of discretion, defendants' motion is denied, and plaintiff's cross motion is granted to the extent of deeming plaintiff's notice of claim to have been timely filed and reinstating the complaint, without costs.

Unlike *Frazier v Liberty Lines Tr.* (170 AD2d 304), where the plaintiffs failed to return no-fault claim forms forwarded to them by defendant, a self-insurer, in the instant case the accident report filed by the bus driver and sent to Liberty

Lines' general counsel, which included all the pertinent information regarding the accident, and the no-fault application signed by plaintiff and received by defendants within 90 days of the accident, coupled with the fact that Liberty Lines' general counsel is regularly engaged in representing Westchester County in actions arising out of accidents occurring on buses operated by Liberty Lines, constituted in the aggregate a sufficient notice of claim within the meaning of General Municipal Law § 50-e *(see, Losada v Liberty Lines Tr.,* 155 AD2d 337). The attempt by the general counsel to distinguish this case from *Losada (supra),* on the ground that in *Losada* he personally handled the claim while here he first became personally aware of plaintiff's claim almost six months after the accident when defendants were served with the summons and complaint in this action, is unpersuasive. The purpose of the notice of claim requirement of section 50-e is not to present a trap to the unwary; its purpose is to protect public corporations from spurious claims. Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.