■ MELANIE KOSSIFOS, Appellant, v LIBERTY LINES TRANSIT, INC., et al., Respondents. [715 NYS2d 868] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated February 2, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered March 2, 2000, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

It is undisputed that the plaintiff was required to serve a notice of claim as a condition precedent to the present action against the defendant Liberty Lines Transit, Inc. (hereinafter Liberty Lines) (see, General Municipal Law § 50-e [1] [b]; Coleman v Westchester St. Transp. Co., 57 NY2d 734; Singer v Liberty Lines, 183 AD2d 820). We reject the plaintiff's contention that her no-fault application and various correspondence served upon the claims administrator for Liberty Lines constituted a sufficient notice of claim within the meaning of General Municipal Law § 50-e (see, Delisca v Liberty Lines Tr., 272 AD2d 291; Zydyk v New York City Tr. Auth., 151 AD2d 745).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.