■ DORINDA LAWRENCE et al., Appellant, v LIBERTY LINES TRANSIT, INC., Respondent. [750 NYS2d 102] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated December 19, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Dorinda Lawrence was injured in a bus accident on August 16, 1999. As the plaintiffs now concede, they had an obligation to serve a notice of claim on the County of Westchester within 90 days after the accident and prior to the commencement of this action (*see* General Municipal Law § 50-b [1]; § 50-e [1] [b], [a]; *Coleman v Westchester St. Transp. Co.*, 57 NY2d 734; *Kossifos v Liberty Lines Tr.*, 277 AD2d 205; *Delisca v Liberty Lines Tr.*, 272 AD2d 291; *Singer v Liberty Lines*, 183 AD2d 820; *McSpedon v Liberty Lines*, 109 AD2d 731; *James v Liberty Lines*, 97 AD2d 749).

Apparently, the plaintiffs' attorney mailed an application for no-fault benefits to a claims administrator for the defendant Liberty Lines Transit, Inc., within 90 days after the accident. However, there is no proof that this document was received within that 90-day period by a "proper person" (General Municipal Law § 50-e [3] [a], [c]; *cf. Tacinelli v Liberty Lines*, 123 AD2d 756). Moreover, the no-fault application did not consti-

tute the equivalent of a notice of claim (*see Zydyk v New York City Tr Auth.*, 151 AD2d 745; *cf. Smith v Scott*, 294 AD2d 11). Thus, the receipt of the application for no-fault benefits by an agent of the defendant's claims administrator does not satisfy the statutory requirement of service of a notice of claim on the County (*see Kossifos v Liberty Lines Tr., supra*; *Delisca v Liberty Lines Tr., supra*; *cf. Santiago v Liberty Lines Tr.*, 259 AD2d 362; *Gallagher v Liberty Lines*, 211 AD2d 440; *Miller v Liberty Lines*, 208 AD2d 454; *Losada v Liberty Lines Tr.*, 155 AD2d 337). Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.