■ In the Matter of JAMIE L. JASINSKI, Respondent, v HB WARD TECHNICAL SCHOOL et al., Appellants. [760 NYS2d 676] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), HB Ward Technical School and Eastern Suffolk BOCES appeal, and Riverhead Central School District separately appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 27, 2002, which granted the application.

Ordered that the order is reversed, on the facts and as a matter of discretion, the application is denied, and the proceeding is dismissed, with one bill of costs to the appellants appearing separately and filing separate briefs.

The determination as to whether to grant leave to serve a late notice of claim is a question committed to the sound discretion of the trial court (*see Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579 [1994]). In deciding whether to permit the service of a late notice of claim, the court will generally consider three factors: (1) whether the petitioner demonstrated a reasonable excuse for the delay, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Lorseille v New York City Hous. Auth.,* 295 AD2d 612 [2002]; *Matter of Lyerly v City of New York,* 283 AD2d 647 [2001]). One of the factors that should be accorded great weight is whether the municipality received actual knowledge of the facts constituting the claim in a timely manner (*see Matter of Canty v City of New York,* 273 AD2d 467 [2000]). The Supreme Court improvidently exercised its discretion in allowing the late notice of claim, as the record clearly indicates that the appellants did not receive timely actual knowledge of the facts constituting the negligent

supervision claim. Moreover, the petitioner did not demonstrate a reasonable excuse for the delay in serving the notice of claim. Accordingly, the application should have been denied. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.