■ WILLIAM SANTIAGO, Appellant, v RAPHAEL SANTANA et al., Respondents. [779 NYS2d 554]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 9, 2003, which denied his motion, in effect, to deem a notice of claim to have been properly served.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the notice of claim is deemed to have been properly served.

The plaintiff allegedly was injured when he was struck by a

bus operated by the defendant Liberty Lines Transit, Inc. (hereinafter Liberty Lines), and owned by the County of Westchester. Within 90 days of the accident, the plaintiff served a notice of claim on the Westchester County Department of Transportation. The notice of claim was forwarded to Nesci Keane Piekarski Keogh & Corrigan (hereinafter Nesci Keane), counsel for Liberty Lines and its bus driver, and was purportedly rejected by the County within 30 days after it was received. Thereafter, the plaintiff served a summons and complaint on Liberty Lines and the bus driver. During settlement negotiations, Nesci Keane informed the plaintiff's attorney that service of the notice of claim was defective because it was not served on the proper person in accordance with General Municipal Law § 50-e (3) (a). By order to show cause served on the defendants and the County, the plaintiff moved, in effect, to deem the original notice of claim to have been properly served. Nesci Keane opposed the motion on behalf of the defendants and the County. The Supreme Court denied the motion, concluding that the plaintiff could not proceed by motion, but was required to commence a special proceeding since the County was not a party to the action.

Because the County is obligated to indemnify Liberty Lines, service of a notice of claim on the County was required even though it is not a party to this action (*see Coleman v Westchester St. Transp. Co.,* 57 NY2d 734 [1982]; General Municipal Law § 50-e [1] [b]). While the plaintiff did not serve the notice of claim on the proper person (*see* CPLR 311 [a] [4]; General Municipal Law § 50-e [3] [a]), the notice of claim was actually received by a proper person, Nesci Keane, a law firm regularly engaged in representing the County, within the time specified by statute (*see* General Municipal Law § 50-e [3] [a], [c]; *Tacinelli v Liberty Lines,* 123 AD2d 756, 757 [1986]). The County failed to properly reject the notice of claim within 30 days of its receipt. The County's initial letter purporting to reject the notice of claim failed to correctly specify the defect in the manner of service (*see* General Municipal Law § 50-e [3] [c]). Further, there was insufficient proof to support the County's allegation that it subsequently mailed a second letter properly specifying the defect in the manner of service within 30 days after the notice was received (*see Celleri v Pabon,* 299 AD2d 385 [2002]). Thus, service of the notice of claim upon the County was valid (*see* General Municipal Law § 50-e [3] [c]; *Matter of Town of Brookhaven v New York State Div. of Human Rights,* 282 AD2d 685 [2001]). The plaintiff was not required to commence a special proceeding to resolve the issue of whether the notice of claim was properly served (*see Tacinelli v Liberty Lines, supra*).

In light of the foregoing, it is unnecessary to address the plaintiff's remaining contentions. Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.