■ VERONIQUE ASTREE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [819 NYS2d 281]—

Appeal by the New York City Transit Authority from an order of the Supreme Court, Queens County (Taylor, J.), dated May 9,

2005, which granted the application of Veronique Astree pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the application is denied.

The Supreme Court improvidently exercised its discretion in granting the application for leave to serve a late notice of claim since the New York City Transit Authority (hereinafter the NYCTA) did not acquire actual knowledge of the essential facts constituting the claim (*see Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [1996]), within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Pappalardo v City of New York*, 2 AD3d 699, 699 [2003]; *Matter of Jasinski v HB Ward Tech. School*, 306 AD2d 347, 347 [2003]). Contrary to the contention of Veronique Astree, her application for no-fault benefits, made within 90 days of the incident, did not satisfy the statutory notice of claim requirement (*see* General Municipal Law § 50-e [1] [a]; *Lawrence v Liberty Lines Tr.*, 299 AD2d 398, 398-399 [2002]; *Kossifos v Liberty Lines Tr.*, 277 AD2d 205, 205 [2000]; *Delisca v Liberty Lines Tr.*, 272 AD2d 291, 292 [2000]; *Zydyk v New York City Tr. Auth.*, 151 AD2d 745, 746 [1989]). In addition, Astree's alleged inability to speak English (*see Matter of Landa v City of New York*, 252 AD2d 525, 526 [1998]; *Taverna v City of New York*, 166 AD2d 314, 315 [1990]), her lack of knowledge of the notice of claim requirement under General Municipal Law § 50-e (*see Matter of Landa v City of New York, supra*), and her claim of law office failure (*see Matter of King v New York City Hous. Auth.*, 274 AD2d 482, 483 [2000]) did not constitute reasonable excuses for failure to timely serve a notice of claim (*see* General Municipal Law § 50-e [5]; *Pappalardo v City of New York, supra*; *Matter of Jasinski v HB Ward Tech. School, supra*).

Moreover, Astree's inexcusable delay in seeking to serve a notice of claim prejudiced the NYCTA's ability to maintain a defense (*see Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]; *Pappalardo v City of New York, supra* at 700; *Saafir v Metro-North Commuter R.R. Co.*, 260 AD2d 462, 463 [1999]; *Matter of Gilliam v City of New York*, 250 AD2d 680, 681 [1998]), since the NYCTA was prevented from engaging in a prompt investigation (*see Gilliam v City of New York, supra*). Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.