In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from a judgment of the Supreme Court, Kings County (Miller, J.), dated May 12, 2009, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The petitioner was arrested on August 26, 2007, and charged with reckless endangerment in the first degree, assault in the second degree, and menacing in the second degree with respect to an incident in which a complainant sustained two gunshot wounds. The petitioner was released from custody after posting *629 bail three or four days after his arrest, and on February 29, 2008, the charges against him were dismissed. On April 14, 2008, the petitioner served a notice of claim upon the City of New York, alleging, inter alia, false arrest and malicious prosecution. This notice of claim was timely with respect to the petitioner’s malicious prosecution claim, but untimely with respect to his false arrest claim (see Roche v Village of Tarrytown, 309 AD2d 842, 843 [2003]). The petitioner subsequently commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim with respect to his claim alleging false arrest.
The Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim. The petitioner’s explanation that he was unaware of the notice of claim requirement does not constitute a reasonable excuse for his failure to serve a timely notice with respect to the false arrest claim (see Matter of Catuosco v City of New York, 62 AD3d 995, 997 [2009]; Astree v New York City Tr. Auth., 31 AD3d 589, 590 [2006]). Moreover, the evidence submitted by the petitioner along with his petition failed to establish that the City had actual knowledge of the essential facts constituting the false arrest claim within 90 days following its accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 536 [2006]; Matter of Griffin v City of New York, 69 AD3d 938, 939 [2010]; Matter of Charles v City of New York, 67 AD3d 793 [2009]). Finally, the petitioner failed to establish that the delay in serving a notice of claim would not substantially prejudice the City (see Matter of Felice v Eastport/ South Manor Cent. School Dist, 50 AD3d 138, 152-153 [2008]). Dillon, J.E, Balkin, Belen and Lott, JJ., concur. [Prior Case History: 23 Misc 3d 1124(A), 2009 NY Slip Op 50927(U).]