■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JACKSON, Appellant.— Judgment unanimously affirmed. (See *People* v. *McKnight*, 26 N Y 2d 1034; *People* v. *Sloan*, 26 N Y 2d 667.) (Appeal from judgment of Erie County Court convicting defendant of criminal possession of forged instrument, third degree.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■  THOMAS S. SADLER, an Infant by WILLIAM J. SADLER, His Father and Natural Guardian, et al., Appellants, v. ROBERT D. HORVATH, Individually and as Principal of Lincoln Elementary School of the Orchard Park School System, Respondent.— Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: On April 5, 1967 the infant plaintiff, while on the playground of the Lincoln Elementary School in Orchard Park, allegedly suffered injury as a result of the negligence of the defendant principal of the school in that the defendant failed to provide adequate supervision over the children on the playground. On May 24, 1967, within 90 days of the accident, plaintiffs served a notice of claim pursuant to section 50-e of the General Municipal Law upon the Orchard Park Central School and the Orchard Park Board of Education. However, infant plaintiff did not serve a summons and complaint upon defendant until March 16, 1973. By an order entered on July 17, 1973 a motion to dismiss the cause of action was granted on the ground that plaintiffs failed to file an appropriate notice of claim against "this" defendant within 90 days of the accident. A motion for reargument was denied on November 26, 1973. Subdivision 3 of section 50-e of the General Municipal Law, contemplates service on the public corporation rather than on the individual employee (*Sandak* v. *Tuxedo Union School Dist. No. 3*, 308 N. Y. 226, 230). The rationale for this interpretation is that, since the municipality must indemnify its employee, it is the real party in interest even though the action is brought solely against the employee (*O'Hara* v. *Sears Roebuck and Co.*, 286 App. Div. 104; *Hahin* v. *City of Buffalo*, 41 Misc 2d 1018, 1019). Since notice of claim was served on the municipality within 90 days of the accident, it is effective against defendant and prevents dismissal on the ground of failure to serve the notice. The provisions of CPLR 208 are available to infant plaintiff in order to toll the Statute of Limitations of one year and 90 days provided in subdivision 1 of section 50-i of the General Municipal Law (*Corbett* v. *Fayetteville-Manlius Cent. School Dist.*, 34 A D 2d 379) and, therefore, the commencement of the action by infant plaintiff was timely, although the commencement of the father's action was not. (Appeal from order of Erie Special Term denying reargument in negligence action.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES MIDDLETON, Appellant, v. ERNEST L. MONTANYE, as Superintendent, Respondent.— Appeal unanimously dismissed as moot. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Marsh, P. J., Witmer, Moule, Cardamone and Simons, JJ.