DONALD UMLAUF, Individually and as Parent and Natural Guardian of MICHAEL UMLAUF, an Infant, Respondent, v COUNTY OF ERIE et al., Appellants.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Michael Umlauf, the infant plaintiff in this action, was born on October 2, 1967 in the defendant E. J. Meyer Memorial Hospital, which is owned and operated by the defendant Erie County. At the time of his birth he suffered from a cleft palate and a harelip, and corrective surgery was contemplated. On October 4, "teaching" photographs were taken preparatory to that surgery and allegedly, while the pictures were being taken, the infant suffered facial burns caused by the flood lights. Michael was adopted on February 2, 1971 and plaintiff Donald Umlauf, Michael's adoptive father, brings this action to recover damages for Michael's personal injuries and on his derivative cause of action. The action was commenced by service of a summons on the county on December 11, 1974 and on the hospital on December 12, 1974. After defendants appeared and demanded a complaint, the plaintiffs moved for disclosure to aid in

bringing the action (CPLR 3102, subd [c]). At that time defendants urged that the action was without merit because plaintiffs had failed to serve a timely notice of claim (General Municipal Law, § 50-e) and failed to commence the action within one year and ninety days after the happening of the event upon which the claims were based (General Municipal Law, § 50-i). Special Term granted disclosure, noting in its decision on the disclosure motion that at the time of the injury the infant was a ward either of Chautauqua County or Erie County, or both, and that therefore the notice provisions of the General Municipal Law did not apply (see General Municipal Law, § 50-e, subd 8; *Gibbs v City of New York,* 23 AD2d 665). That order was not appealed. A complaint was subsequently served and defendants answered, alleging the affirmative defenses of sections 50-e and 50-i of the General Municipal Law. Thereafter, plaintiffs and defendants served cross motions for summary judgment. The court denied defendants' motion, holding that they were collaterally estopped from raising the issue because of the prior disclosure decision. It granted plaintiffs' motion as to liability and directed a trial solely on the issue of damages. The General Municipal Law (§ 50-d, subd 2) provides that no action may be maintained against a municipality for the malpractice of its physician unless a notice of claim shall be filed as required by section 50-e and an action is commenced within the time period provided by section 50-i. The notice of claim is a condition precedent to commencement of the cause of action (General Municipal Law, § 50-e) and a complaint which fails to plead compliance with the statutory time requirements of notice and for commencing the cause of action is legally defective and is subject to dismissal (23 Carmody-Wait 2d, NY Prac, § 144:111). The plaintiffs do not contend that timely notices were served on defendants and thus, unless the infant was exempt from doing so because he was a ward of Erie County at the time of this injury (see Social Services Law, § 384), the complaint must be dismissed. We disagree with Special Term's finding that defendants are collaterally estopped from raising the question at this time because of its prior order in the disclosure motion (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Since the court and the plaintiff proceeded upon the erroneous assumption that they were estopped and did not directly address the question upon the return of the summary judgment motions, we remit this matter for a factual hearing on the single issue of whether the infant was a ward of Erie County at the time of his injury (see CPLR 3212, subd [c]). If he was, the summary judgment motions of both parties should be denied as to the infant and his cause of action should proceed to trial on liability and damages. The Statute of Limitations was tolled during his infancy (see *Sadler v Horvath,* 44 AD2d 905; *Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379; *Kratz v Dussault,* 33 AD2d 826). If he was not a ward of Erie County, the defendants' motion for summary judgment should be granted. (See *Matter of Martin v School Bd.,* 301 NY 233, 238.) The father's cause of action is barred by the Statute of Limitations (see General Municipal Law, § 50-i) and Special Term's order as to him is reversed and defendants' motion for summary judgment dismissing the derivative cause of action is granted. (Appeal from order of Erie Supreme Court—summary judgment—negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.