■ BRUCE CHALMERS et al., Individually and as Natural Parents of CARLIE CHALMERS, an Infant, Respondents, v COUNTY OF CHEMUNG et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered October 3, 1983 in Chemung County, which granted claimants' application pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to file a late notice of claim.

Claimants allege that on June 30, 1982, their daughter, Carlie Chalmers, who was then four years old, was sexually molested by one Terrance Laurey, who was in the legal custody of defendants. Claimants assert that defendants, having knowledge of Laurey's history of similar misbehavior, negligently placed him in a foster home with improper supervision.

By notice of motion dated July 1, 1983, claimants made the instant motion for leave to file a later notice of claim. Claimant father in his affidavit attributes the delay to his concern for his daughter's emotional well-being. Special Term granted the motion and this appeal ensued.

A review of the record reveals that Special Term did not abuse its discretion by granting the motion. Significantly, we agree with Special Term that defendants had sufficient and timely knowledge of the facts underlying this claim. As Special Term aptly observed, the caseworker in charge of Laurey, in her affidavit, states that she was informed of the alleged sexual assault on the date it occurred. The caseworker also states that she spoke with claimants soon after the incident and admits that Laurey was removed from the foster home on July 1, 1982 as a result of the underlying allegations. Further, a Family Court proceeding was held on July 1, 1982 and, as a result, Laurey was placed in a detention center.

Since, in our opinion, Special Term did not abuse its discretion, the order must be affirmed (see General Municipal Law, § 50-e, subd 5; *Matter of Colantuono v Valley Cent. School Dist.,* 59 AD2d 926).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., concurs in part and dissents in part in the following memorandum. Levine, J. (concurring in part and dissenting in part). The claim herein is made by the parents individually as well as on behalf of their infant. Although I would agree with the majority that defendants were on notice of the incident out of which the claims arose, the record establishes at least some degree of prejudice in that defendants were not made aware that negligent placement and supervision of the foster child were being claimed until the instant motion was made. This forestalled prompt investigation of these charges, and defendants also now run the risk of disclaimer by the county's insurance carrier. The parents waited an additional six months after having been advised of the requirements of section 50-e of the General Municipal Law before taking legal steps to initiate their claim. Under the foregoing circumstances, and without the child's personal disability of infancy to justify their delay (see *Bureau v Newcomb Cent. School Dist.,* 74 AD2d 133), I am of the view that the parents' claim should have been distinguished from that of the infant's and that Special Term abused its discretion in permitting late filing of their individual claims (see *Tanco v New York City Housing Auth.,* 84 AD2d 501; *Charalambakis v City of New York,* 54 AD2d 553, revd on other grounds 46 NY2d 785).