■ Donald Umlauf, as Parent and Natural Guardian of Michael Umlauf, an Infant, Respondent, v County of Chautauqua, Appellant. (And a Third-Party Action.)—Order unanimously affirmed with costs. Memorandum: The day after his birth on October 2, 1967, the infant plaintiff, Michael Umlauf, sustained a burn injury at E. J. Meyer Memorial Hospital, which is owned and operated by Erie County. Michael's natural mother was an unwed minor and a resident of Chautauqua County who had made arrangements with the Chautauqua County Department of Social Services for prenatal care, delivery and the eventual surrender of Michael to the county for adoption. Michael was formally surrendered to Chautauqua County by the natural mother on January 23, 1968. He was adopted on February 2, 1971, and his adoptive father commenced an action in 1974 against Erie County to recover damages for Michael's personal injuries. No notice of claim had ever been filed against Erie County, however, and after it was determined, upon a hearing previously ordered by this court *(see, Umlauf v County of Erie,* 58 AD2d 991), that Michael was not a ward of Erie County at the time of his injury, summary judgment was awarded to Erie County.

The gravamen of this action against the County of Chautauqua is the loss of Michael's claim against the County of Erie. This cause of action accrued when the time for filing a notice of claim against Erie County elapsed. Chautauqua County

moved for summary judgment on the ground that no notice of claim had been filed against it. A hearing was held to determine whether Michael was a ward of Chautauqua County, thus eliminating the need for service of a notice of claim *(see,* General Municipal Law § 50-e [8]). Special Term found that from birth, Michael was a "de facto" ward of Chautauqua County; that therefore he was excepted from the notice of claim requirements; that General Municipal Law § 50-e (8) provided an exemption for wards of the municipality and was not merely a tolling statute; and that Chautauqua County had voluntarily assumed a duty to Michael "with respect to all aspects of the claim" by certain of its actions toward Michael and the County of Erie. The motion was denied and this appeal ensued.

We first note our agreement that subdivision (8) of General Municipal Law § 50-e does not merely toll the filing requirements during the period of wardship. The subdivision provides that the section's requirements "shall not apply * * * to claims against public corporations by their own infant wards". If Michael was a ward of Chautauqua County when this cause of action accrued, the statutory exception eliminates any obligation to file a notice of claim against that county on his behalf.

At the time of the burn injury, General Municipal Law § 50-e provided a 90-day period for filing a notice of claim, and a one-year period after the happening of the event for applying for leave to file a late notice. Once the year expired without a filing, it was of no consequence that Michael was an infant; a suit was foreclosed. These rules were changed by the 1976 amendments to section 50-e and by such decisions as *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d 256) and *Matter of Beary v City of Rye* (44 NY2d 398). Since the accident happened in 1967, however, the 1976 amendments are of no help to Michael *(Matter of Beary v City of Rye, supra),* and he is foreclosed from filing a notice of claim against the County of Erie. Since Michael became a ward of Chautauqua County in January 1968 and remained one until his February 1971 adoption, he was clearly a county ward when the one-year period for filing a notice of claim expired. It is thus unnecessary to determine if Michael was a "de facto" ward of Chautauqua County when he was burned. He was unquestionably a ward when his cause of action against Chautauqua County accrued and that status provides him with an exemption from the filing requirements.

In the circumstances presented, we hold, as a matter of law,

that Chautauqua County had a duty to seek leave to file a late notice of claim against Erie County on behalf of Michael. While this imposes upon the county a duty greater than that imposed upon an infant's natural parents, its imposition creates no threat of harm to the family unit *(compare, Holodook v Spencer,* 36 NY2d 35, *with Bartels v County of Westchester;* 76 AD2d 517, and *Andrews v County of Otsego,* 112 Misc 2d 37) and is in accordance with constitutional duty imposed under the principle of *parens patriae,* to care for the welfare of infants incapable of looking after their own affairs *(see,* NY Const, art XVII, § 1; Social Services Law §§ 395, 398 [6] [g], [i]). On the basis that the county breached that duty, we affirm the denial of summary judgment. (Appeal from order of Supreme Court, Chautauqua County, Rath, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.