■ In the Matter of SALLY SOE (ANONYMOUS), an Infant, by Her Mother and Natural Guardian, SARAH SOE (ANONYMOUS), et al., Respondents, v COUNTY OF WESTCHESTER, Appellant, and CITY OF MOUNT VERNON, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the County of Westchester and the City of Mount Vernon, the County of Westchester appeals from an order of the Supreme Court, Westchester County (Weiner, J.), dated March 30, 1987, which, upon reargument, granted the application.

Ordered that the appeal from so much of the order as granted that branch of the application which was for leave to serve a late notice of claim upon the City of Mount Vernon is dismissed as the County of Westchester is not aggrieved by it *(see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as otherwise appealed from, on the law, and the application is denied as against the County of Westchester; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the petitioners.

"In deciding whether leave to file a late notice of claim should be granted, the key factors are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (General Municipal Law § 50-e [1]) or a reasonable time thereafter and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(Braverman v City of White Plains,* 115 AD2d 689, 690)" *(Matter of Perry v City of New York,* 133 AD2d 692, 693).

In the instant case, the claims of physical and sexual abuse arose during the time the infant petitioner was in attendance at the day-care facility operated by Jeanette Martin, Harold Martin, James Watt and Richard Freeman commencing in September 1976 and terminating in early August 1982. The infant's mother, the petitioner "Sarah Soe", allegedly did not discover the sexual and physical abuse until early May 1985 at which time the subject facility was closed by government officials and the principals were arrested. The instant proceeding for leave to serve a late notice of claim on behalf of the

infant and her mother was not commenced until late October 1985.

The petitioners have failed to allege adequate facts to establish that the County of Westchester had acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (General Municipal Law § 50-e [1]; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575, *lv denied* 71 NY2d 801; *Fox v City of New York,* 91 AD2d 624). Nor did the proposed notice of claim meet the specificity requirement of General Municipal Law § 50-e (2). The County of Westchester is particularly prejudiced by the fact that neither the date of the alleged claim nor the nature of the injuries allegedly sustained by the infant have been set forth in the notice with any degree of specificity. Under the circumstances, it was an improvident exercise of discretion to have granted the petitioners' application for leave to file a late notice of claim against the county. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.