■ In the Matter of Lucy L., an Infant, by Her Mother and Natural Guardian, Laura L., et al., Respondents, v County of Westchester, Appellant, and City of Mount Vernon Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim upon the County of Westchester and the City of Mount Vernon, the County of Westchester appeals from so much of an order of the Supreme Court, Westchester County (Weiner, J.), dated March 30, 1987, as, upon reargument, granted the application.

Ordered that the appeal from so much of the order as granted that branch of the application which was for leave to serve a late notice of claim upon the City of Mount Vernon is dismissed, as the County of Westchester is not aggrieved by it (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and that branch of the application which was for leave to serve a late notice of claim upon the County of Westchester is denied; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the petitioners.

In October of 1985 the petitioners commenced the instant proceeding seeking leave to serve late notices of claim. The petitioners claim that from September 1981 to June 1982 the infant petitioner was physically and sexually abused when she attended a day care facility. However, the infant's mother allegedly did not discover the sexual and physical abuse until in or about May 1985 when the facility was closed by government officials and the principals were arrested.

With regard to the infant's mother, since the application was made more than 1 year and 90 days after the cause of action accrued, that branch of the application which is brought on her behalf for leave to serve a late notice of claim

against the appellant must be denied *(see, Pierson v City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 262-263).

As to that branch of the application which was brought on behalf of the infant, our recent holding in *Matter of Soe v County of Westchester* (142 AD2d 584, 585) is dispositive of the issues raised in the instant appeal: "The petitioners have failed to allege adequate facts to establish that the County of Westchester had acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (General Municipal Law § 50-e [1]; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575, *lv denied* 71 NY2d 801; *Fox v City of New York,* 91 AD2d 624). Nor did the proposed notice of claim meet the specificity requirement of General Municipal Law § 50-e (2). The County of Westchester is particularly prejudiced by the fact that neither the date of the alleged claim nor the nature of the injuries allegedly sustained by the infant have been set forth in the notice with any degree of specificity. Under the circumstances, it was an improvident exercise of discretion to have granted the petitioners' application for leave to file a late notice of claim against the county". Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.