■ In the Matter of SAMYRA W., an Infant, by Her Mother and Natural Guardian, WENDY W., Respondent, et al., Petitioner, v COUNTY OF WESTCHESTER, Appellant, et al., Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim upon the County of Westchester and the City of Mount Vernon, the County of Westchester appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated December 8, 1987, as granted that branch of the application which was brought on behalf of the infant petitioner to serve a late notice of claim against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the application which was brought on behalf of the infant petitioner to serve a late notice of claim against the County of Westchester is denied.

The petitioners claim that between June 1979 and December 1981 the infant petitioner attended a day care facility. During that period, the infant petitioner was allegedly physically and sexually abused. However, the infant's mother allegedly did not discover the sexual and physical abuse until in or about May 1985 when the facility was closed by government officials and the principals were arrested. In June 1987 the infant petitioner and her mother commenced the instant proceeding.

The Supreme Court granted the application with respect to the infant petitioner. Under the circumstances of this case we

find the court improvidently exercised its discretion in granting the infant petitioner leave to serve a late notice of claim against the county *(see, Matter of Soe v County of Westchester,* 142 AD2d 584; *Matter of Lucy L. v County of Westchester,* 149 AD2d 707 [decided herewith]). The petitioner's attempt to distinguish *Matter of Soe v County of Westchester (supra)* is unavailing and, in part is improperly based upon matters dehors the record. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.