■ NEECI M. GEREW, Individually and as Parent and Natural Guardian of KATRINA V. and Another, Infants, Respondent, v COUNTY OF MONROE, Appellant.—Order reversed on the law without costs and motion denied. Memorandum: Supreme Court improvidently exercised its discretion in granting claimants' application for leave to serve a late notice of claim against the County of Monroe because the proposed notice of claim did not meet the specificity requirement of General Municipal Law § 50-e (2) with regard to the allegation that the infant claimants were the victims of sexual misconduct during the period from May 1987 through July, 1988 when they were enrolled in the county's Family Day Care Homes Program.

The County of Monroe is especially prejudiced by the fact that the dates of the alleged claims have not been set forth in the notice with the requisite degree of specificity *(see, Matter of Lucy L. v County of Westchester,* 149 AD2d 707, 708; *Matter of Soe v County of Westchester,* 142 AD2d 584, 585). Further, claimants' allegation that the sexual misconduct occurred on September 6, 1988 may not form the basis of liability against the county because the infants were not then enrolled in the county's Family Day Care Homes Program but were receiving child care pursuant to a private arrangement with the day care provider.

All concur, except Lawton, J., who dissents and votes to affirm, in the following memorandum.

Lawton, J. (dissenting). I must dissent. Claimant Gerew's proposed notice of claim asserts that the county was negligent in certifying and failing properly to administer, maintain and supervise the Rivera home in its "Family Day Care Homes" Program so as to provide the infant claimants with a safe environment. It is further alleged that, because of the county's failure properly to supervise its program, infant claimants, presently 4 and 6 years of age, were repeatedly sexually abused at the Rivera home from May 1987 to July 1988. Infant claimants' parent first learned of the sexual abuse on September 14, 1988 and sought leave to file a late notice of claim on January 23, 1989.

The majority finds that Supreme Court abused its discretion in granting claimants' motion because claimants failed to specify the dates that the alleged sexual abuse occurred. Claimants, however, are not alleging that the sexual abuse was the negligent conduct but, rather, that the county failed to administer the program properly. It is the county's continuing failure to supervise the day care home over a period of time, rather than any specific incidents of sexual abuse, that is the crux of the claim *(see, People v Keindl,* 68 NY2d 410, 421-422, *rearg denied* 69 NY2d 823). The county has not been unduly prejudiced by the infants' inability to specify the dates of the sexual abuse because its own records enable it to investigate its certification and supervision of this day care home. Further, the county was able immediately to investigate the claim of sexual misconduct when it was notified of the abuse on September 14, 1988 and, in fact, after its investigation, petitioned the alleged perpetrator into Family Court.

Claimants' proposed notice of claim sets forth a recognizable cause of action against the county for failure to supervise its Family Day Care Homes Program *(see, e.g., Bartels v County*

*of Westchester,* 76 AD2d 517); specifies the period during which the failure to supervise occurred; and specifies the damages sustained by the infant claimants, to wit, repeated rape and sexual abuse. This information satisfies the specificity requirement of General Municipal Law § 50-e (2).

Given the circumstances of this case, Supreme Court did not abuse its discretion in granting claimants' motion to file a late notice of claim against the county for negligent certification and supervision of its Family Day Care Homes Program from May 1987 to July 1988 *(see, Chalmers v County of Chemung,* 105 AD2d 885). Infants who have been subjected to sexual abuse by those to whom their care has been entrusted are commonly unwilling to report the abuse and are unable to recall the specific dates and times when the abuse occurred. To deny these infant claimants the opportunity to pursue their claim solely on this basis is unjust. (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—late notice of claim.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.