■ MAURICE W. et al., Individually and on Behalf of DEBORAH W., an Infant, Appellants, v ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: On or about November 9, 1988, Maurice and Sally W., individually and as the natural parents of six children, filed a notice of claim upon the County of Onondaga. The notice of claim stated that the County was negligent in the supervision and care of the six children while they were in the custody and care of the County and placed in foster care homes beginning on August 25, 1986. A summons and complaint were served on or about May 8, 1989, alleging that the children were physically or sexually abused, or both, while in foster care and that the County was negligent in the placement and supervision of the children in those homes. A few days later, plaintiffs moved for an order appointing them as guardians ad litem, for discovery of Department of Social Services (DSS) records pertaining to the children, and for a judgment declaring that the notice of claim and complaint were properly and timely filed and served, or, in the alternative, for permission to file a late notice of claim. The County cross-moved for dismissal of the complaint. Supreme Court granted the cross motion, dismissed the complaint and denied the application for permission to file a late notice of claim. On appeal, plaintiffs contend that Supreme Court erred insofar as plaintiffs sought relief regarding the care of their infant daughter Deborah.

We reject plaintiffs' contention that Deborah was an "infant ward" within the meaning of General Municipal Law § 50-e (8), which exempts infant wards of public corporations from the notice of claim filing requirements (see, Umlauf v County of Chautauqua, 132 AD2d 958, 959, lv dismissed 70 NY2d 1002). At the time of her placement in foster care, the infant was not a ward of the County. Thus, we affirm that portion of the order dismissing the complaint.

We conclude, however, that Supreme Court should have granted the application for leave to file a late notice of claim on behalf of the infant setting forth the pertinent allegations of the complaint. The County had notice of the essential facts underlying the claim within 90 days of their occurrence and has failed to demonstrate that it would suffer any prejudice if leave to file a late notice of claim is granted. Under the circumstances of this case and in particular the infancy status of this child (see, Matter of Crume v Clarence Cent. School Dist. No. 1, 43 AD2d 492, 495), denial of the application to file a late notice of claim on behalf of the infant constituted an improvident exercise of discretion (see, Chalmers v County of Chemung, 105 AD2d 885, appeal dismissed 65 NY2d 690).

Supreme Court did not abuse its discretion in denying the parents' application for permission to file a late notice of claim on their own behalf. The notice of claim filed by the parents failed to comply with General Municipal Law § 50-e in that it failed to set forth factually "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; see also, Gerew v County of Monroe, 163 AD2d 884, lv denied 77 NY2d 804; Altmayer v City of New York, 149 AD2d 638). The parents' application for permission to file late was, with respect to some of the events, time-barred because relief was not sought within one year and 90 days of accrual of the claim (see, Pierson v City of New York, 56 NY2d 950). With respect to the remaining claims, the parents have failed to demonstrate a reasonable excuse for not properly setting forth their claims in the purported notice of claim that was filed, and we are not persuaded that Supreme Court's denial of the parents' application constituted an abuse of discretion. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Late Notice of Claim.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.