■ In the Matter of MILAN MRAK et al., Appellants, v CITY OF NEW YORK, Respondent. [595 NYS2d 831] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioners appeal from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 1, 1991, which denied their application, and (2) so much of an order of the same court, dated May 24, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 1, 1991, is dismissed, as that order was superseded by the order dated May 24, 1991, made upon reargument; and it is further,

Ordered that the order dated May 24, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

On October 21, 1989, the petitioner Natalie Mrak, then five years old, injured herself when she fell off a playground structure made of wooden posts and metal pipes. Approximately one year and three months later, the petitioners brought this application for leave to serve a late notice of claim, asserting that the delay was excusable because Natalie was an infant and her father spoke only limited English. The

court denied the application. Subsequently, the court granted reargument, but adhered to the original determination.

The court did not improvidently exercise its discretion in denying the petitioners' application. As the Supreme Court stated, "[t]he delay in both filing a notice of claim and moving for permission to file are unrelated to the [petitioner's] infancy". The petitioners' remaining excuse, that the father did not fully understand English is, in itself, an insufficient basis to permit the late service of the notice of claim *(see, Taverna v City of New York,* 166 AD2d 314, 315). Further, there is no evidence in the record that any representative of the City of New York learned of the incident until this proceeding was commenced. Thus, the petitioners have failed to satisfy their burden of establishing that the respondent had actual knowledge of the essential facts constituting the claim in the time within which a notice of claim could be served or within a reasonable time thereafter *(see generally, Washington v City of New York,* 72 NY2d 881, 883; *Matter of Soe v County of Westchester,* 142 AD2d 584; *Braverman v City of White Plains,* 115 AD2d 689; *Caselli v City of New York,* 105 AD2d 251, 255). Under all of the circumstances, it cannot be said that the City of New York would not be prejudiced if the petitioners were now permitted to serve a notice of claim *(see, Matter of Perry v City of New York,* 133 AD2d 692; *Braverman v City of White Plains, supra).* Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.