■ RAYMOND L. TORO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [706 NYS2d 345] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated April 28, 1999, which granted the defendants' motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in permitting the defendants to make a late motion for summary judgment (*see,* CPLR 3212 [a]; *Maravalli v Home Depot U.S.A.,* 266 AD2d 437; *Quinlan v Kaufman,* 258 AD2d 453). Further, the court properly granted the motion.

The plaintiffs were granted leave to file a late notice of claim by order dated June 17, 1996, and entered July 1, 1996. They served the notice of claim on July 31, 1996 and commenced this action on September 5, 1996. The Statute of Limitations was tolled from the time the plaintiffs commenced the proceeding for leave to file a late notice of claim until the order granting leave became effective (*see, Giblin v Nassau County Med. Ctr.,* 61 NY2d 67), which the plaintiffs concede was July 1,

1996, the date of entry. As a result of the toll, they had until August 22, 1996, to commence this action. The plaintiffs contend that they were entitled to an additional 30 days to comply with General Municipal Law § 50-i (1) which requires a complaint in a personal injury action against a municipality to allege that 30 days have elapsed since service of the notice of claim (*see, Barchet v New York City Tr. Auth.,* 20 NY2d 1).

The plaintiffs, however, had between July 1, 1996 and August 22, 1996 to serve the notice of claim, await the passage of 30 days, and commence this action. Consequently, under the circumstances, they were not entitled to an additional 30-day toll of the Statute of Limitations and the court properly granted summary judgment dismissing the complaint as time-barred. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.