■ ELLIOT CRUZ et al., Plaintiffs, and CELESTINO CARRASQUILLO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [755 NYS2d 416] —In an action to recover damages for personal injuries, etc., the defendants Metropolitan Transportation Authority and the Long Island Rail Road appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated March 5, 2002, as denied those branches of their motion which were to dismiss the complaint insofar as asserted against them on behalf of the plaintiffs Celestino Carrasquillo and Awilda Carrasquillo.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the appellants' motion which were to dismiss the complaint insofar as asserted against them on behalf of the plaintiffs Celestino Carrasquillo and Awilda Carrasquillo are granted, and the action against the remaining defendants is severed.

In the instant case, the applicable statute of limitation is one year and 30 days (*see Burgess v Long Is. R.R. Auth.*, 79 NY2d 777 [1991]; *Wenning v Metropolitan Transp. Auth.*, 112 AD2d 220 [1985]). The action was commenced more than one year and 30 days after the causes of action accrued.

The statute of limitations with respect to the plaintiff Awilda Carrasquillo's derivative cause of action was "tolled from the

time [she] commenced the proceeding for leave to file a late notice of claim until the order granting leave became effective" (*Toro v City of New York,* 271 AD2d 523 [2000]; *see Giblin v Nassau County Med. Ctr.,* 61 NY2d 67 [1984]). However, the toll did not apply to her husband's causes of action against the appellants (*see Cody v Village of Lake George,* 177 AD2d 921 [1991]). Accordingly, her husband's causes of action against the appellants must be dismissed as time-barred. Further, dismissal of her husband's causes of action against the appellants as untimely bars her derivative cause of action against the appellants (*see Cody v Village of Lake George, supra*; *see also Buckley v National Frgt.,* 220 AD2d 155 [1996], *affd* 90 NY2d 210 [1997]; *Thorn v International Bus. Machs.,* 101 F3d 70 [1996]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.