(June 3, 2003)

■ Tamara Benejan, Respondent, v New York City Transit Authority et al., Appellants. [759 NYS2d 655] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 27, 2002, which granted the motion of petitioner, self-designated as plaintiff, for leave to serve and file a late notice of claim nunc pro tunc, unanimously reversed, on the law, without costs, and the motion denied.

The notice of claim which petitioner sought leave to serve and file arises from a September 2000 automobile accident with a bus which allegedly resulted in serious injuries within the meaning of Insurance Law § 5102 (d). Petitioner failed to file a statutorily mandated notice of claim within 90 days of the accident; instead she filed her motion for leave with the clerk of court exactly one year and 90 days from the accrual date of her cause of action (*see* General Municipal Law § 50-e [5]; Public Authorities Law § 1212 [2]). Since there was no pending action, the application for relief constituted a special proceeding which is commenced by filing and was timely (CPLR 304; *Rybka v New York City Health & Hosps. Corp.*, 263 AD2d 403, 404 [1999]). Although the motion was timely, petitioner failed to demonstrate an excuse for leave. She claimed her failure to file a timely notice of claim resulted from physical incapacitation. However, by her own admission, that only lasted until several months after the accident, specifically December 1, 2000. There is no claim, much less medical verification, that there was anything which prevented her from timely filing a notice of claim within the original 90 days and the motion should have been denied (*Burgos v City of New York*, 294 AD2d 177 [2002]; *Potts v City of N.Y. Health & Hosps. Corp*, 270 AD2d 129 [2000]; *Matter of Gomez v City of New York*, 250 AD2d 443 [1998], *lv denied* 92 NY2d 809 [1998]).

Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach* and Friedman, JJ.