■ ELLA SHISTER, Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [766 NYS2d 109] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated July 30, 2002, as granted that branch of the motion of the defendants New York City Health and Hospitals Corporation and the City of New York which was to dismiss the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation is denied, and the complaint is reinstated insofar as asserted against that defendant.

Contrary to the contention of the defendant New York City

Health and Hospitals Corporation (hereinafter HHC), the plaintiffs timely sought leave to serve a late notice of claim by filing an order to show cause commencing a special proceeding seeking that relief before the governing statute of limitations expired (*see Benejan v New York City Tr. Auth.*, 306 AD2d 1 [2003]). The statute of limitations was tolled from the time the plaintiffs commenced their proceeding until the subsequent order granting them leave became effective (*see Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 74 [1984]; *Cruz v City of New York*, 302 AD2d 553 [2003]), and therefore their action was timely commenced.

We decline to address HHC's remaining contention, as it was not ruled upon by the Supreme Court (*see Pepe v Tannenbaum*, 262 AD2d 381, 383 [1999]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Altman, J.P., H. Miller, Adams and Townes, JJ., concur.