A petition for leave to serve a late notice of claim upon a public authority may not be made more than one year and 90 days after the happening of the event upon which the claim is based, unless the statute has been tolled (see General Municipal Law § 50-e [5]; § 50-i [1]; Pierson v City of New York, 56 NY2d 950, 954 [1982]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262-263 [1980]). It is uncontroverted that the petitioner timely commenced this proceeding by filing an order to show cause and petition with the Kings County Clerk within one year and 90 days after the claim accrued (see CPLR 304 [a], [c]; 306-a [a]; Matter of Joy v County of Suffolk, 89 AD3d 1025 [2011]; Shister v City of New York, 309 AD2d 915, 916 [2003]; Benejan v New York City Tr. Auth., 306 AD2d 1, 2 [2003]). The appellant contends, however, that the petition was untimely because it was made at the same time that the appellant was served with the order to show cause, more than one year and 90 days after the claim accrued. Even if the present petition was not made until the appellant was served with the order to show cause (see CPLR 2211 [“A motion on notice is made when a notice of the motion or an order to show cause is served”]), the statute of limitations was tolled from the time the proceeding was commenced by the filing of the petition until the subsequent order was entered deciding the petition (see Giblin v Nassau County Med. Ctr., 61 NY2d 67, 74 [1984]; Ambrus v City of New York, *669 87 AD3d 341, 352 [2011]; Shister v City of New York, 309 AD2d at 916; Cruz v City of New York, 302 AD2d 553 [2003]) and, thus, the petition was timely made (see Shister v City of New York, 309 AD2d at 916; Benejan v New York City Tr. Auth., 306 AD2d at 2). Accordingly, the Supreme Court had the authority to decide the petition for leave to serve a late notice of claim (see Cohen v Pearl Riv. Union Free School Dist., 51 NY2d at 266; Matter of Joy v County of Suffolk, 89 AD3d at 1026; cf. Pierson v City of New York, 56 NY2d at 955-956). Turning to the merits of the petition, however, we find that the court improvidently exercised its discretion in granting the petition.
In determining whether leave to serve a late notice of claim should be granted, the court should consider, as key factors, whether the public authority acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, whether the delay substantially prejudiced the public authority in maintaining its defense on the merits, and whether the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim (see General Municipal Law § 50-e [5]; Public Housing Law § 157 [2]; Matter of Kalambalikis v New York City Hous. Auth., 41 AD3d 848 [2007]; Matter of White v New York City Hous. Auth., 38 AD3d 675, 676 [2007]; Matter of Welch v New York City Hous. Auth., 7 AD3d 805 [2004]). A factor that should be accorded great weight is whether the public authority acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (see Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713 [2010]; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]).
Here, the petitioner failed to establish that the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531 [2006]). The petitioner’s bare and conclusory allegation that she first reported the incident to the appellant at an unspecified time shortly after her release from the hospital was insufficient to sustain her burden (see Washington v City of New York, 72 NY2d 881, 883 [1988]; Matter of Bruzzese v City of New York, 34 AD3d 577, 578 [2006]; Matter of Mrak v City of New York, 192 AD2d 608, 609 [1993]; Matter of Perry v City of New York, 133 AD2d 692, 693 [1987]). Furthermore, the occurrence report that the petitioner subsequently filed with the appellant 5 1/2 months *670 after the incident did not provide the appellant with timely, actual knowledge of the essential facts constituting her present claim that her injury was caused by the appellant’s negligence (see Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026, 1027 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148; Matter of Carpenter v City of New York, 30 AD3d 594, 595 [2006]; Matter of Guiliano v Town of Oyster Bay, 244 AD2d 408 [1997]). In addition, the petitioner failed to demonstrate that the delay in commencing this proceeding almost one year and 90 days after the occurrence of the incident will not substantially prejudice the appellant in maintaining its defense on the merits (see Matter of Gobardhan v City of New York, 64 AD3d 705 [2009]; Matter of Doyle v Elwood Union Free School Dist., 39 AD3d 544, 545-546 [2007]; Matter of White v New York City Hous. Auth., 38 AD3d 675 [2007]).
Moreover, the petitioner failed to demonstrate a reasonable excuse for her delay in retaining an attorney (see Matter of Landa v City of New York, 252 AD2d 525, 526 [1998]; Matter of Nunes v City of New York, 233 AD2d 399, 400 [1996]; Ribeiro v Town of N. Hempstead, 200 AD2d 730, 730-731 [1994]), or for her attorney’s inordinate delay after he was retained in seeking leave to serve the late notice of claim (see Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]; Matter of Smith v Baldwin Union Free School Dist., 63 AD3d 1078, 1079 [2009]; Matter of Baglivi v Town of Southold, 301 AD2d 597, 598 [2003]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.