Clark v City of New York (2024 NY Slip Op 24159)

[*1]

Clark v City of New York

2024 NY Slip Op 24159

Decided on May 28, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 28, 2024
Supreme Court, New York County

Dekwan Clark, Petitioner,

against
City of New York, NEW YORK CITY POLICE DEPARTMENT, JOHN DOES, Respondent.

Index No. 152812/2024

Jessica Marie Gorman, Esq. for Petitioner
Joshua Neil Copperman, Esq. for Respondent

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 7, 8, 9, 10, 11 were read on this motion to/for LEAVE TO FILE.
In this action, petitioner Dekwan Clark ("petitioner") moves for leave to file a late notice of claim pursuant to General Municipal Law § 50-e(5). Respondent, the City of New York ("City"), opposes the application.
BACKGROUND AND ARGUMENTS
Petitioner is requesting leave to file a late notice of claim for personal injuries allegedly sustained following an arrest that occurred on June 10, 2023. According to petitioner's proposed notice of claim, petitioner was falsely arrested, unlawfully searched, and falsely imprisoned for criminal possession of a weapon. Petitioner's proposed notice of claim further states that his case was dismissed by the criminal court prior to the first appearance. Although the incident took place on June 10, 2023, petitioner waited until March 27, 2024, to file the instant motion. Petitioner's state law claims are more than six months late as of the date of the filing of this motion annexing petitioner's proposed notice of claim. Neither petitioner nor his attorney offer a reasonable excuse for this significant delay in filing. Instead, petitioner argues that petitioner should be granted leave to file a late notice of claim based on the City acquiring actual notice of petitioner's claims. In opposition, the City submits that this court should deny petitioner's [*2]application to file a late notice of claim because petitioner fails to provide a reasonable excuse for the delay in filing, the City did not have actual notice of the alleged claim, and petitioner has failed to meet his burden of establishing that the City would not be prejudiced by the delay in filing.

DISCUSSION
Pursuant to General Municipal Law § 50-i(a), no personal injury action may be commenced against the City unless a notice of claim was served upon it within ninety (90) days after the subject claim arose. A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e[2]). The purpose of the statutory notice of claim requirement is to afford the City adequate opportunity to promptly investigate, collect and preserve evidence, and evaluate the merit of a claim while information is still readily available (Brown v. City of New York, 95 NY2d 389, 392 [2000]; Bowers v City of New York, 147 AD3d 894, 895 [2d Dept 2017]).
General Municipal Law § 50-e(5) grants the court discretion to extend the time permitted for filing a late notice of claim, by considering whether (1) the petitioner has a reasonable excuse for the failure to serve a timely notice of claim; (2) the municipality received actual notice of the essential facts constituting the claim within ninety (90) days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense on the merits (Orozco v City of New York, 200 AD3d 559, 560 [1st Dept 2021], lv granted, 39 NY3d 903 [2022]). "The presence or absence of any one factor is not determinative" (Corwin v City of New York, 141 AD3d 484, 489 [2016]). However, the "most important factor" is whether the municipality "acquired actual knowledge of the essential facts constituting the claim within the time specified" (id. at 123, citing 124 Padilla v Department of Educ. of the City of NY, 90 AD3d 458, 459 [1st Dept 2011]).
Here, applying the provisions of GML § 50-e (5) to the facts of the instant case, the court finds that petitioner has failed to establish that petitioner had a reasonable excuse for his delay in filing, and that the City had actual knowledge of the facts of the claim. Likewise, petitioner has failed to meet his burden of establishing the absence of prejudice to the City.
Reasonable Excuse
In the first instance, petitioner has failed to provide a reasonable excuse for the delay in filing. Indeed, the petition does not offer any explanation for the 291-day delay between the date of the incident and the date the proposed notice of claim was filed on March 27, 2024. Petitioner's Affirmation of Merit asserts ignorance of the deadline to file a notice of claim to preserve the right to bring a civil action against the City. However, petitioner had previously filed a notice of claim in a separate case with the Office of the Comptroller in 2012, namely, Dekwan Clark v. The City of New York, Index No.: 301082/2012, Comptroller No.: 2011PI038087. In this prior case, petitioner filed a notice of claim as evidenced by the Comptroller Number and a review of the records in respondent's office. It is therefore axiomatic that petitioner was familiar with the grievance procedure that he now claims ignorance of. This context establishes the absence of a reasonable excuse for the delay in filing (see Jaime v City of New York, NY3d, 2024 NY Slip Op 01581, *4 [2024]["The grievances in the record demonstrate [petitioner] was familiar with the grievance procedure and repeatedly availed himself of it"]).
Likewise, petitioner was not a minor at the time of the alleged injury and thus cannot claim ignorance of the law as an excuse. It is well-established that ignorance of the law is not a reasonable excuse (see Gaudio v. City of New York, 235 AD2d 228 [1st Dept 1997]; Flores v. County of Nassau, 8 AD3d 377, 378 [2d Dept 2004]; Cotton v. County of Nassau, 307 AD2d 965, 965 [2d Dept 2003]). Furthermore, it is well-settled that a petitioner's ignorance of the notice of claim requirement is not an acceptable excuse (see Matter of Lapierre v. City of New York, 136 AD3d 821 [2d Dept 2016]; Matter of Fernandez v. City of New York, 131 AD3d 532 [2d Dept 2015]; Astree v. NYC Transit Authority, 31 AD3d 589 [2d Dept 2006][holding that the petitioner failed to offer a reasonable excuse]).
Actual Knowledge
Second, in determining whether to grant leave to serve a late notice of claim, an essential factor for the court to consider is whether the municipality acquired actual knowledge of the essential facts constituting the claim within ninety (90) days after the claim arose or within a reasonable time thereafter. The burden rests upon the petitioner to prove that the City obtained actual knowledge of his claims (see Washington v. City of New York, 72 NY2d 881, 883 [1988]; Matter of Katz v. Town of Bedford, 192 AD2d 707, 708 [2d Dept 1993]; Matter of Mrak v. City of New York, 192 AD2d 608, 609 [2d Dept 1993]; Matter of Soe v. County of Westchester, 142 AD2d 584, 585 [2d Dept 1988]). Here, based on binding legal precedent, the court finds that petitioner has failed to establish that the City received actual knowledge of the essential facts of his claims in a timely manner.
To be sure, the Court of Appeals recently articulated in Jaime v. City of New York, Matter of Orozco v. City of New York as follows: "if we were to hold that a municipal employee's alleged participation in an intentional tort necessarily provided the municipality with actual knowledge, our holding would create a de facto exemption to the notice of claim requirement for claims of battery, false arrest, and malicious prosecution, among others. This the legislature plainly did not intend because General Municipal Law § 50-e(8) identifies the kinds of tort claims that are categorically exempt from the notice of claim requirements, e.g., those arising out of sex crimes against children (see GML § 50-e [8] [b]). Claims of false arrest and malicious prosecution are not exempt from the notice of claim requirement" (Jaime v City of New York, NY3d, 2024 NY Slip Op 01581, *4 [2024]). In the instant matter before this court, petitioner's counsel posited during oral argument on May 28, 2024 that the City invariably acquires actual knowledge upon the occurrence of any arrest. But, as the Court astutely noted in Jaime, the adoption of such a broad and sweeping generalization would effectively establish an exemption from the statutory notice of claim requirement. That would be an untenable situation. The notice of claim provision exists as a critical safeguard, ensuring that municipalities are afforded timely and specific notification of potential claims, thereby enabling a prompt and adequate investigation, and the opportunity to amicably resolve the matter or prepare an appropriate defense. To circumvent this procedural requisite through an overly expansive interpretation of "actual knowledge" would be to undermine the legislative intent and erode the structured framework established by the law. Consequently, the court cannot endorse a rule that would, in essence, obliterate the notice of claim requirement, as it is fundamental to the fair and orderly administration of justice.
Likewise, General Municipal Law § 50-e(2) mandates that a notice of claim must specify [*3]"the time when, the place where, and the manner in which the claim arose," as well as "the nature of the claim." Thus, the essential facts constituting the claim must elucidate its nature (see Matter of Felice v. Eastport/South Manor Cent. School Dist., 50 AD3d 138 [2d Dept 2008]). A municipality must possess knowledge of the facts underlying the legal theory or theories upon which liability is predicated in the proposed notice of claim, not merely some general awareness (see Matter of Iacone v. Town of Hempstead, 82 AD3d 888, 889 [2d Dept 2011]; Matter of Santopietro v. City of New York, 854 NYS2d 310 [1st Dept 2008]).
Here, petitioner has made no assertion nor provided any evidence that the City of New York had actual knowledge of the facts underlying the potential liability arising from the events of June 10, 2023. Petitioner erroneously argues that the City possesses actual knowledge of the facts supporting the theory of potential liability merely because several New York City Police Department members participated in the underlying acts and subsequently filed reports regarding their conduct. A municipality acquires "actual knowledge" when it learns of the essential facts forming the basis of the claim, not merely the occurrence of an incident or an arrest (see Williams v. Nassau County Medical Center, 6 NY3d 531 [2006][possession of hospital records did not confer actual knowledge of the facts constituting a medical malpractice claim]). This requirement "contemplates not only knowledge of the facts but also how they relate to the claim to be asserted" (Matter of Werner v. Nyack Union Free Sch. Dist., 76 AD3d 1026, 1027 [2d Dept 2010]). Consequently, general awareness of an arrest or the commission of a wrong is insufficient to constitute actual knowledge for notice of claim purposes (see, e.g., Matter of Iacone v. Town of Hempstead, 82 AD3d 888, 889 [2d Dept 2011]). A petitioner must demonstrate that the City was on notice or had knowledge about the specific claim to be brought (see Matter of Placido v. County of Orange, 112 AD3d 722, 723 [2d Dept 2013]). In the instant matter, petitioner has failed to meet this burden.
A substantial body of Appellate Division, Second Department, case law holds that actual knowledge cannot be inferred merely from the existence of police records or other reports related to the underlying incident (Matter of Acosta v. City of New York, 39 AD3d 629 [2d Dept 2007][police accident report does not constitute actual notice of the essential facts constituting the petitioner's claims]; Weber v. County of Suffolk, 208 AD2d 527 [2d Dept 1994][Police Investigation Report noting County officials were aware that the decedent had been electrocuted on County property was not actual knowledge of a claim they failed to provide a safe workplace]; Deegan v. City of New York, 227 AD2d 620 [2d Dept 1996]["the police reports... compiled in the aftermath of the subject incident did not provide the City with actual notice of the essential facts constituting the petitioners' claim... [they] merely described the circumstances attendant to the incident and made no connection between the incident and the allegedly negligent conduct"]).This rationale aligns seamlessly with the longstanding interpretation of the notice of claim requirement, even when viewed through the lens of historical precedent. Decades ago, the esteemed Chief Judge Benjamin N. Cardozo, elucidating the antecedent to General Municipal Law section 50-e, articulated a pivotal distinction: "What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the claim" (Thomann v. City of Rochester, 256 NY 165, 172 [1931]).
What is evident now, at least to this court, is that the Appellate Division, Second Department's stance on the notice of claim requirement has been affirmed by the Court of Appeals, while the Appellate Division, First Department's stance has been rejected in Jaime v. [*4]City of New York, Matter of Orozco v. City of New York. To be sure, the Court of Appeals asserted that "the alleged existence of records does not suffice to establish actual knowledge Orozco's failure to submit evidence of the contents of the alleged records is fatal to his argument that the City acquired actual knowledge from their existence. There is no indication that Orozco's attorney attempted to obtain the records and was refused, something that easily could have been included in an attorney affirmation" (Jaime v. City of New York, NY3d, 2024 NY Slip Op 01581, *4 [2024]).
The fact that petitioner was arrested does not suffice to put the City on notice of potential litigation related to malicious prosecution. To be sure, the Court of Appeals has now articulated that the mere occurrence of an arrest and prosecution does not provide the City with knowledge of the facts underlying the theory of liability (see Jaime v. City of New York, NY3d, 2024 NY Slip Op 01581, *4 [2024]). As such, here, the simple involvement of members of the New York City Police Department does not provide the City with actual knowledge of potential liability arising from the incident in question. Furthermore, petitioner's own admission that he refused a command by an officer to move, because "[he] did not want to move," indicates probable cause, thereby refuting any allegation of knowledge or a claim of wrongdoing by the officers.
Additionally, petitioner cannot establish that the City had knowledge of any claim stemming from an alleged prosecution, as no prosecution proceeded, and petitioner cannot meet the standard for post-arraignment liberty restraint associated with malicious prosecution claims since he was issued summonses (see Lacey v. Yates County, 30 F. Supp. 3d 213 [W.D.N.Y June 27, 2014]). Petitioner's papers are therefore insufficient to establish that the City was put on notice of the alleged claims or facts supporting them within ninety (90) days.
As the Court of Appeals has concluded, any argument that the City acquires actual notice of a claim whenever the New York City Police Department engages in its core functions would eviscerate the timely notice of claim requirement for all cases involving an arrest. The mere fact of petitioner's arrest does not satisfy the threshold requirements of GML § 50-e and cannot be construed as actual knowledge of his late claims under the law. Consequently, as petitioner has failed to satisfy this prong of the required analysis, his application must be denied.
Prejudice
Finally, where, as in this instance, petitioner has not demonstrated that the City had actual knowledge of the essential facts of his claim and has failed to provide a reasonable excuse for his delay in filing a notice of claim, petitioner's application necessarily must be denied. 
However, the court must further note that the primary objective of the ninety-day filing requirement under GML § 50-e is to enable the City to conduct a prompt and thorough investigation of the claim while the facts remain vivid and untainted by the passage of time. Petitioner's failure to adhere to this requirement has, undeniably, inflicted substantial prejudice upon the City. Notably, petitioner's claims are tardy by more than nine months from the incident date of June 10, 2023, thus exceeding the statutory notice of claim deadline by over six months, as mandated by GML § 50-e.
Furthermore, the City's defenses to petitioner's claims are intricately tied to the specific events and actions involving both petitioner and the officers on June 10, 2023. Petitioner filed his notice of claim nine months and seventeen days subsequent to the arrest. Consequently, critical evidence, such as surveillance footage or 9-1-1 audio recordings, may no longer be [*5]retrievable, and witnesses who were present might either be untraceable or their recollections significantly diminished. Additionally, the notice of claim is devoid of specific facts, thereby hindering respondent's capacity to identify and interview potential witnesses to the incident that culminated in the detention. Compounding these difficulties, information held by the New York City Police Department, the criminal court, and the District Attorney's office has been sealed in accordance with Criminal Procedure Law § 160.50. The criminal court letters provided by petitioner fail to offer any substantive information regarding petitioner's arrest or charges, beyond referencing three summons numbers. Owing to petitioner's unjustifiable delay, the City has suffered substantial prejudice by being deprived of the opportunity to gather essential evidence necessary to mount a defense against petitioner's claims.
Consequently, petitioner's failure to file a timely notice of claim, compounded by the unwarranted delay in filing this petition, has effectively deprived the City of the opportunity to conduct a prompt and thorough investigation into his claims and explore potential defenses. As a result, the City has been substantially and irrevocably prejudiced, having been denied the crucial opportunity to investigate and gather pertinent information.
Based on the foregoing, petitioner's Order to Show Cause seeking an extension of petitioner's time to file and serve a late notice of claim must necessarily be denied.
Accordingly, it is hereby
ORDERED and ADJUDGED that petitioner's application is denied in its entirely and the petition is dismissed.
This constitutes the decision, order, and judgment of the court.
DATE 5/28/24
HASA A. KINGO, J.S.C.